# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LEWIS LUQUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T CORP., *et al.*, <br><br> Defendants. | Case No. 3:09-CV-5885 (CRB)(JCS) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Plaintiffs' unopposed Motion for Preliminary Approval of Settlement, under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), and upon the Court's review of the Settlement Agreement and exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of Class Members to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

2. The Class is certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(b)(3) and the FLSA as follows:

> All persons who have been employed by Defendants at any time from December 16, 2005, through May 3, 2012, as first-level managers of outside technicians in California as specified in this paragraph. The Class consists of Pacific Bell Telephone Company employees in California holding the positions Manager Construction & Engineering ("C&E Field Manager"); Manager Network Services in Installation & Maintenance ("I&M Field Manager"); and/or Manager Network Services in U-verse ("U-verse Field Manager"); and/or AT&T Corp. employees in California holding the position Manager Network Operations Center ("T Corp Field Manager") who, while holding these position(s), supervised outside technicians in one of the following titles: Network Technical Specialist, Network Technical Specialist-G, Communications

Technician Toll, Company Telecommunications Technician, Outside Plant Technician, Premises Technician, Splicing Technician, Systems Technician, Services Technician, Antenna Technician, and Cable Locator (collectively "the Class Positions").

The FLSA collective action class will consist of members of the foregoing class who timely opted into this action or who opt in pursuant to the Settlement Agreement by filing consents to join with the Court.

3. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel David Sanford, Jeremy Heisler, and Janette Wipper of SANFORD HEISLER, LLP to represent the Settlement Class for purposes of the Settlement. The Court also appoints Joe Lewis Luque and Herman Richardson as Settlement Class Representatives.

4. The Court hereby approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice"), Consent and Claim Forms, and Exclusion Form, attached as Exhibits A-G to the Settlement Agreement. The Claims Administrator is directed to mail the Notice, Consent and Claim Forms, and Exclusion Form, pursuant to the Settlement Agreement following the entry of this Order, no later than twenty (20) days after receipt of Class Member information from Defendants or entry of this Order, whichever date is later, to the extent practicable.

5. The parties shall also publish the attached Publication Notice in Friday editions of the Los Angeles Times, San Diego Union Tribune and San Francisco Chronicle twice during the notice period.

6. Based on the terms of the Settlement Agreement, a settlement Class Member shall be eligible to receive a monetary award if the settlement Class Member submits a fully executed Consent and Claim Form to the Claims Administrator under the Settlement Agreement within sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information). The exclusive way of determining whether a Claim Form is timely and complete is detailed in the Settlement Agreement, Par. 33(a) and Parts VI and VII.

7. Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall take place at 10:00 AM on April 5, 2013 at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Charles R. Breyer, to determine whether the proposed

settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA and whether this action should be dismissed pursuant to the Settlement.

8. Counsel for both parties shall jointly file a proposed Final Order and Judgment in support of Final Approval of the Settlement Agreement immediately following the Final Fairness Hearing.

9. Kurtzman Carson Consultants LLC is hereby appointed Settlement Administrator and shall perform the duties set forth in the Settlement Agreement.

10. Class Members shall be bound by the judgments in this case unless they exclude themselves from the Settlement in accordance with the terms of the Settlement Agreement. A settlement Class Member wishing to request exclusion shall do so by sending a completed Exclusion Form by mail, postmarked no later than sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information), to the Settlement Administrator at the addresses designated in the Notice. The Exclusion Form must be personally signed by the settlement Class Member who seeks to opt out. The request for exclusion shall not be effective unless it is fully executed and returned within the time stated above.

11. The Court will consider objections to the Settlement if such written objections are permitted under the Settlement Agreement and submitted to the Settlement Administrator postmarked (if mailed), emailed, or faxed no later than sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information). Any objection must detail the specific reason for the objection as set forth in Par. 45 of the Settlement Agreement and must indicate if the Class Member intends to object at the Final Approval Hearing. If the Class Member intends to be represented by his or her own counsel at the Final Approval Hearing, that counsel must also file a separate Notice of Appearance with the Court and serve it on the Settlement Administrator not later than sixty (60) days after the date that the Settlement Administrator first mails (or re-mails if the original mailing is returned due to inaccurate address information) the Notice Packet.

1  Class Members who fail to submit objections in the manner specified above shall be deemed to have
2  waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.
3        12.    The Court orders that, pending Final Approval, each member of the Settlement Class is
4  preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court
5  any claim, action or other proceeding that challenges or seeks review of or relief from any order,
6  judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.
7        13.    As of the date hereof, all proceedings in this case are stayed until further order of this
8  Court, except as may be necessary to implement the Settlement Agreement.

   IT IS SO ORDERED, this <u>19th</u> day of <u>   November   </u>, 2012.



   _____
   HONORABLE CHARLES R. BREYER
   UNITED STATES DISTRICT JUDGE
   NORTHERN DISTRICT OF CALIFORNIA

LEGAL_US_W # 73108392.1

# Exhibit B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-25-12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

In re Novartis Wage and Hour Litigation     06-MD-1794 (PAC)

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT /kc

Upon consideration of the parties' Joint Motion for Preliminary Approval of Settlement, under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), and upon the Court's review of the Settlement Agreement (Doc. 145) and exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of Class Members to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

2. The Class is certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(b)(3) and the FLSA as follows:

FLSA Settlement Subclass I:

*All persons who worked for Novartis Pharmaceuticals Corporation ("Novartis") as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2003 through April 7, 2007 and who filed Consent to Join as Party Plaintiff forms in the Civil Action in 2007 and June 2008. Henceforth, "Novartis" refers to Novartis Pharmaceuticals Corporation.*

1

California Settlement Subclass I:

*All persons who worked for Novartis in the State of California as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Division or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2002 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

New York Settlement Subclass I:

*All persons who worked for Novartis in the State of New York as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2000 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

FLSA Settlement Subclass II:

*All persons who worked for Novartis in the States of Alabama, Arizona, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Michigan, Mississippi, Nebraska, New Hampshire, North Carolina, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia or Wyoming as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period January 25, 2009 through the Preliminary Approval Date and who timely opt in to the Settlement by submitting an Opt In and Release Form and who are not FLSA Settlement Subclass I Members, California Settlement Subclass I Members, New York Settlement Subclass I Members, or Remaining States Settlement Subclass Members.*

Remaining States Settlement Subclass:

*All persons who worked for Novartis in the States of Arkansas, Connecticut, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, Washington and/or Wisconsin and/or the District of Columbia as a full-time, active Sales Representative or Sales Consultant, or in the States of Alaska, California or Puerto Rico as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces during the Remaining States Settlement Subclass Eligibility Periods as defined*

2

*below and who are not FLSA Settlement Subclass I Members, California Settlement Subclass I Members or New York Settlement Subclass I Members.*

| Work States | Remaining States Settlement Subclass Eligibility Period |
|---|---|
| Alaska, Arkansas, Connecticut, Illinois, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, Wisconsin, District of Columbia and Puerto Rico | March 23, 2008 through the Preliminary Approval Date |
| California and New York | April 8, 2007 through the Preliminary Approval Date |
| Kentucky | March 23, 2006 through the Preliminary Approval Date |
| Maine and Vermont | March 23, 2005 through the Preliminary Approval Date |

3. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel, David Sanford, Esq., Jeremy Heisler, Esq. Katherine M. Kimpel, Esq., and Grant Morris, Esq., of Counsel, of SANFORD WITTELS & HEISLER, LLP to represent the Settlement Class for purposes of the Settlement.

4. The Court hereby approves the substance, form and manner of the Notices of Proposed Class and Collective Action Settlement (the "Notices"), including the Opt-In and Release Form, attached as Exhibits A-C to the Settlement Agreement. The Claims Administrator is directed to mail the Notice (and Opt-In and Release Form, where appropriate), pursuant to the Settlement Agreement following the entry of this Order, no later than February 24, 2012.

5. Based on the terms of the Settlement Agreement, an FLSA Settlement Subclass II Member shall be eligible to receive a monetary award if the Settlement Class Member submits an Opt in and Release Form to the Claims Administrator under Paragraph 11.4 of the Settlement

Agreement by April 16, 2012. The exclusive way of determining whether a Claim Form is timely and complete is detailed in the Settlement Agreement.

6.  Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall take place at 10:00 A.M. on Thursday, May 31, 2012 at the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl St., New York, NY 10007, before the Honorable Paul A. Crotty, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA and whether this action should be dismissed pursuant to the Settlement.

7.  Counsel for both parties shall jointly file a proposed Final Order and Judgment in support of Final Approval of the Settlement Agreement immediately following the Final Fairness Hearing.

8.  Rust Consulting, Inc. is hereby appointed Claims Administrator and shall perform the duties set forth in the Settlement Agreement.

9.  Class Members shall be bound by the judgments in this case (with the exception of Remaining State Settlement Subclass Members, who may request exclusion from the Settlement Class in a timely and proper manner, as provided in the Settlement Agreement and herein). A Proposed Settlement Class Member with the opportunity to request exclusion shall do so by sending a written request for exclusion by mail, postmarked no later than April 16, 2012, to the Claims Administrator at the addresses designated in the Notice. Such written request for exclusion must contain the name, address and telephone number of the person requesting exclusion. The opt-out must be personally signed by the Proposed Settlement Class Member

who seeks to opt out. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

10. The Court will consider objections to the Settlement if such written objections are permitted under the Settlement Agreement and filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, postmarked no later than April 16, 2012, and copies of all such objections are mailed and postmarked by the same date to (i) the Claims Administrator, (ii) Class Counsel, and (iii) Counsel for Novartis at the addresses designated in the Notice. Any objection must detail the specific reason for the objection. Class Members who fail to submit objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

11. The Court orders that, pending Final Approval, each member of the Settlement Class is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

12. As of the date hereof, all proceedings in this case are stayed until further order of this Court, except as may be necessary to implement the Settlement Agreement.

Dated New York, New York
January 25, 2012

SO ORDERED:

*[signature]*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5

# Exhibit C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-31-12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK


RECEIVED
MAY 22 2012
CHAMBERS OF
HONORABLE PAUL A. CROTTY
U.S.D.J.

In re Novartis Wage and Hour Litigation    06-MD-1794 (PAC)

## [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING WITH PREJUDICE

WHEREAS this matter comes before the Court on the joint request of Plaintiffs Simona Lopes, Minel Hider-Tobertga, Catherine White, Terri Kelly and Kelli Shannon and a class and collective action of persons similarly situated ("Class Representatives" or "Plaintiffs") and Defendant Novartis Pharmaceuticals Corporation ("Defendant") for

(1) final certification of the Settlement Class;

(2) final approval of the Settlement of this case as memorialized in the Settlement Agreement, dated January 25, 2012, including the award of service payments for the five Named Plaintiffs and twenty-one Deponents, expenses at $400,000.00 and attorneys' fees at 28% of the $99 Million Settlement Fund after expenses; and

(3) entry of an Order and Judgment dismissing this action with prejudice; and

WHEREAS, Plaintiffs and Defendant entered into the Agreement to settle this Class and Collective action; and

WHEREAS, the Court entered an Order Preliminarily Approving Settlement, dated January 25, 2012, preliminarily certifying the proposed Class for settlement purposes under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, ordering Notice to Class Members, and scheduling a Final Fairness Hearing for May 31, 2012; and

WHEREAS, the Court has reviewed and considered the proposed Settlement Agreement

and the submissions of the parties in support thereof, and has held oral argument at the Final Fairness Hearing in this matter on May 31, 2012,

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. <u>Class Action Requirements</u>. The Court finds that for the purpose of this settlement, the requirements of Federal Rule of Civil Procedure 23 have been met, in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members;

   c. The Settlement Class Representatives' claims are typical of the other Settlement Class Members' claims;

   d. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class and absent Settlement Class members. The Settlement Class Members retained counsel experienced in bringing class action and civil rights litigation.

3. <u>Collective Action Requirements</u>. The Court finds that for the purpose of this settlement, the requirements of the Fair Labor Standards Act have been met, in that:

   a. The FLSA Settlement Subclass II Members are similarly situated;

   b. Each FLSA Settlement Subclass II Member gave his or her consent in writing to become a party plaintiff in this action, and such consent is filed in this Court.

4. <u>Certification of the Settlement Class</u>. The requirements of Federal Rule of Civil

2

Procedure 23(b)(3) and the Fair Labor Standards Act having been met, the Court certifies the following Settlement Class for the purpose of effectuating the Settlement:

FLSA Settlement Subclass I:

All persons who worked for Novartis Pharmaceuticals Corporation ("Novartis") as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2003 through April 7, 2007 and who filed Consent to Join as Party Plaintiff forms in the Civil Action in 2007 and June 2008. Henceforth, "Novartis" refers to Novartis Pharmaceuticals Corporation.

California Settlement Subclass I:

All persons who worked for Novartis in the State of California as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Division or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2002 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.

New York Settlement Subclass I:

All persons who worked for Novartis in the State of New York as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2000 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.

FLSA Settlement Subclass II:

All persons who worked for Novartis in the States of Alabama, Arizona, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Michigan, Mississippi, Nebraska, New Hampshire, North Carolina, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia or Wyoming as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period January 25, 2009 through the Preliminary Approval Date and who timely opt in to the Settlement by submitting an Opt In and Release Form and who are not FLSA Settlement Subclass I Members,

3

California Settlement Subclass I Members, New York Settlement Subclass I Members, or Remaining States Settlement Subclass Members.

Remaining States Settlement Subclass:

All persons who worked for Novartis in the States of Arkansas, Connecticut, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, Washington and/or Wisconsin and/or the District of Columbia as a full-time, active Sales Representative or Sales Consultant, or in the States of Alaska, California or Puerto Rico as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces during the Remaining States Settlement Subclass Eligibility Periods as defined below and who are not FLSA Settlement Subclass I Members, California Settlement Subclass I Members or New York Settlement Subclass I Members.

| Work States | Remaining States Settlement Subclass Eligibility Period |
|---|---|
| Alaska, Arkansas, Connecticut, Illinois, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, Wisconsin, District of Columbia and Puerto Rico | March 23, 2008 through the Preliminary Approval Date |
| California and New York | April 8, 2007 through the Preliminary Approval Date |
| Kentucky | March 23, 2006 through the Preliminary Approval Date |
| Maine and Vermont | March 23, 2005 through the Preliminary Approval Date |

5. **Notice.** The Court finds that dissemination of the Notice as provided for in the Preliminary Approval Order constituted the most effective and practicable notice, under the circumstances, to all Settlement Class Members concerning the pendency of this action, the proposed Settlement and the final fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process and Rule

4

23(b)(3) of the Federal Rules of Civil Procedure, the Fair Labor Standards Act and any other applicable law.

6. <u>Final Approval of the Agreement.</u> The Court finds that the proposed Agreement is APPROVED as fair, reasonable and adequate, pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure, and as meeting the applicable standards for settlement under the Fair Labor Standards Act. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including all exhibits thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein in extensor, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

7. <u>Monetary Relief.</u> Defendant is required to pay administrative settlement costs in the amount of $170,000.00 in addition to the monetary relief to the class in the total amount of $99,000,000.00, as fully set forth in the Settlement Agreement and allocated as follows:

   a. $233,500.00 committed to class representatives and deponents;
   b. $27,608,000.00 committed to attorneys' fees;
   c. $400,000.00 committed to reimbursement of litigation expenses; and
   d. $70,758,500.00 committed to class member settlement awards.

8. <u>Service Awards.</u> The Court approves the awards of compensatory damages and service awards ranging from $20,000 to $40,000 to the 5 Named Plaintiffs, and an award of $3,500 in service payments to each of the 21 deponents, as set forth in the Settlement Agreement, which the Court finds to be reasonable, fair and appropriate.

9. <u>Jurisdiction.</u> The Court finds that it has jurisdiction over the subject matter of the Action,

the Settlement Class Representatives, the other Settlement Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment.

10. <u>Attorneys' Fees, Costs and Expenses.</u> The Court awards to Settlement Class Counsel Attorneys' fees in the amount of $28,594,000.00 and costs and expenses in the amount of $400,000.00, which amounts the Court finds are fair, adequate and reasonable. The amounts shall be paid out of the Settlement Fund by the Claims Administrator no later than thirty (30) calendar days after the Effective Date as defined in the Settlement Agreement.

11. <u>Dismissal With Prejudice.</u> The Court finds that this Class and Collective Action is hereby DISMISSED WITH PREJUDICE.

12. <u>Confidential or Highly Confidential Information.</u> The Court hereby orders that all materials containing Confidential or Highly Confidential Information pursuant to the Protective Order entered in the Civil Action shall be returned to the producing party or destroyed by the party to whom those materials were produced within sixty (60) calendar days after the Effective Date as defined in the Settlement Agreement.

13. <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED THIS 31st DAY OF May, 2012.

*[signature]*

Honorable Paul A. Crotty
UNITED STATES DISTRICT JUDGE