# Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| WILLIAM LAWSON, JOE TRIPODI, THOMAS WHITTINGTON, JASON PHILLIPS, AND NESBIT B. ("BRAD") SILLS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action File No. 1:09-cv-3528-JEC |
| v. | ) | |
| BELLSOUTH TELECOMMUNICATIONS, INC., d/b/a AT&T SOUTHEAST a.k.a. AT&T ALABAMA/AT&T FLORIDA/AT&T GEORGIA/ AT&T KENTUCKY/AT&T LOUISIANA/AT&T MISSISSIPPI/AT&T NORTH CAROLINA, AT&T SOUTH CAROLINA/AT&T TENNESSEE, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendant*. | ) ) ) | |

## JOINT STIPULATION OF SETTLEMENT

Plaintiffs William Lawson, Joe Tripodi, Thomas Whittington, Jason Phillips and Nesbit B. Sills ("Plaintiffs"), on the one hand, and defendant BellSouth Telecommunications, Inc. ("BellSouth" or "Defendant"), on the other hand (collectively "the Parties" and each a "Party"), by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release (this "Settlement").

## I.    DEFINITIONS

In addition to other terms defined elsewhere in the Settlement, as used in this Settlement, the terms below have the following meanings:

1.      "Action" means the civil action entitled *William Lawson, et al., Plaintiffs, vs. BellSouth Telecommunication, Inc., Defendant,* No. 09-cv-3528-JEC, pending in the U.S. District Court for the Northern District of Georgia.

2.      "Approval" means that the Settlement has been approved by the District Court without material modification (except as allowed by sections 31 and 32), and either (i) the applicable date for seeking appellate review of the District Court's approval of the Settlement has passed without a timely appeal or request for review having been made; (ii) the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") or the U.S. Supreme Court ("Supreme Court") has rendered a final judgment affirming the District Court's approval without material modification (except as allowed by sections 31 and 32), and the time for any further appeal has expired; or (iii) appellate review has been sought but is dismissed without material modification (except as allowed by sections 31 and 32) prior to the entry of a final judgment by the Eleventh Circuit or the Supreme Court and the time for any further appeal has expired.

3.      "Class" and "Class Members" mean all persons who were properly within the scope of the collective action certified by the Court via its Order of August 16, 2011, who received notice of the Action pursuant to that Order and who submitted timely consent to join forms pursuant to that Order, as well as those individuals who filed timely consent to join forms in the Action prior to the

2

Court's August 16, 2011 Order granting conditional certification. A list of the Class Members is attached to this Stipulation as Exhibit G.

4.    "Class Position" means Class Members who held the positions of Manager Construction & Engineering ("C&E Field Manager"); Manager Network Services in Installation & Maintenance ("I&M Field Manager"); Manager Network Services in U-verse ("U-verse Field Manager"); and/or Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and, while holding these position(s), supervised outside technicians in one of the following titles: Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician.

5.    "Class Counsel" means David Sanford and Jeremy Heisler of Sanford Heisler, LLP.

6.    "Class Period" means December 16, 2006, through April 30, 2012.

7.    "Class Representatives" means Plaintiffs William Lawson, Joe Tripodi, Thomas Whittington, Jason Phillips and Nesbit B. Sills.

8.    "Compensable Workweeks" means all workweeks during which Class Members received pay for work performed (*i.e.*, were not on sick leave or other leave of absence) or were on vacation while employed by Defendant in a Class Position at any time from three years prior to their opt-in date plus any portion of

an additional three month and twenty four day tolling period the Class Member is entitled to, through April 30, 2012.

9.      "Consent and Claim Form" means the forms attached as Exhibits B, C, D, E, and F to this Stipulation.  Each Class Member must submit to the Settlement Administrator the applicable Consent and Claim Form, and sign each document included therein in the form provided and without modification, to receive their Settlement Shares as follows:

Exhibit B:  for Class Members who are no longer employed by Defendant in a Class Position.

Exhibit C:  for Class Members who are employed by Defendant as a C&E Field Manager.

Exhibit D:  for Class Members who are employed by Defendant as an I&M Field Manager.

Exhibit E:  for Class Members who are employed by Defendant as a U-verse Field Manager.

Exhibit F:  for Class Members who are employed by Defendant as a GNFO Field Manager.

10.      "District Court" means the U.S. District Court for the Northern District of Georgia.

11.    "Final" means that the time period for Defendant to exercise its unilateral right to void the Settlement pursuant to section 34(b) has passed and Defendant has not exercised that right.

12.    "Maximum Payment" means the gross sum of $8,129,675 payable by Defendant pursuant to this Settlement.

13.    "Notice" means the Notice of Class Action Settlement attached as Exhibit A to this Stipulation, which, following District Court Approval, the Settlement Administrator will mail to each Class Member, explaining the terms of the Settlement and the claims process.

14.    "Plaintiffs" means plaintiffs William Lawson, Joe Tripodi, Thomas Whittington, Jason Phillips and Nesbit B. Sills.

15.    "Participating Class Members" means those Class Members who submit timely and valid Consent and Claim Forms, without modification, that are fully executed where indicated.

16.    "Released Claims" means all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in Plaintiffs' complaint in the Action or derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all

5

claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.

17.    "Released Parties" means Defendant, its present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives.

18.    "Settlement Administrator" means Kurtzman Carson Consultants LLC, or an administrator mutually agreed to by the Parties and approved by the District Court, which will perform the duties of: (i) preparing the Consent and Claim Forms with the number of Compensable Workweeks for each Class Member; (ii) mailing the Notice and Consent and Claim Forms to Class Members; (iii) tracking returned Notices and Consent and Claim Forms; (iv) sending out cure letters, sending out reminder notices, and making follow-up phone calls to Class Members as necessary; (v) notifying the Parties of timely and untimely claims;

(vi) calculating the Settlement Shares for each Class Member pursuant to the Settlement; (vii) notifying the Parties of and helping to resolve any disputes regarding claims by the Class Members; (viii) providing settlement payments, along with IRS Forms W-2 and 1099, to the Class Members who submit timely and valid Consent and Claim Forms, and to the taxing authorities; (ix) utilizing the National Change of Address Database maintained by the U.S. Postal Service and/or mail forwarding information and/or skip tracing methods as reasonable to update the mailing list and take steps to send notice to current mailing addresses; and (x) performing such other duties as are described herein.

19.    "Settlement Share" is the share of the Settlement proceeds to which a Class Member is entitled if he or she complies with the claims process set forth in the Settlement.

## II.   **RECITALS**

20.    On December 16, 2009, Plaintiffs commenced the Action against Defendant in the District Court.  Plaintiffs alleged that they and the members of the Class were misclassified as exempt from federal overtime laws and not paid compensation for overtime hours they worked.  Plaintiffs further alleged that Defendant failed to keep payroll records reflecting the hours they had worked.  The Action alleged Plaintiffs were entitled to recovery of unpaid overtime and other relief, including interest, liquidated damages, attorneys' fees, and costs.

7

21.     On February 17, 2010, Defendant filed its answer to Plaintiffs' complaint, disputing and denying Plaintiffs' material allegations, maintaining that the District Court should not certify the class proposed by Plaintiffs, and raising various defenses.

22.     On May 14, 2010, Plaintiffs filed a Motion for Conditional Collective Action Certification and Issuance of Notice to the Collective Action Class (the "Conditional Certification Motion").

23.     On February 4, 2011, Defendant filed its opposition to the Conditional Certification Motion.

24.     On August 16, 2011, the District Court granted the Conditional Certification Motion, conditionally certifying a federal Fair Labor Standards Act ("FLSA") class of "[all] Field Managers (Level One Managers with Field Technicians) employed by BellSouth at any time between December 2006 and present" pursuant to 29 U.S.C. §216(b).  There are currently 661 opt-in Plaintiffs in the conditionally certified FLSA class that have Compensable Workweeks. Employees who have not timely opted in within 3 years, plus any portion of an additional three month and twenty four day tolling period they are entitled to, of holding a Class Position are excluded from the class.

25.     The Parties have conducted an in-depth investigation regarding the suitability of Plaintiffs' claims for class treatment and the merits of the liability

issues.  The Parties' investigation consisted of: (1) propounding extensive written discovery, consisting of requests for production of documents and interrogatories; (2) taking 10 opt-in depositions, (3) conducting a survey of individuals in relevant job titles regarding their work hours and job duties; (4) submitting expert reports; (5) interviewing witnesses; and (6) reviewing and analyzing thousands of pages of documents and electronic data provided by the Parties, including job descriptions, employee records, and payroll data, among other things.

26.    On September 18, 2011, the parties participated in a full-day mediation before a well-respected class action mediator, David A. Rotman of Gregorio, Haldeman & Rotman but did not arrive at a settlement.

27.    On April 19, 2012, the parties participated in a second full-day mediation before David A. Rotman.  After good-faith, arm's-length negotiations, the parties reached an agreement to settle the Action pursuant to the terms and conditions set forth below.  Based on their own independent investigation and evaluation, Class Counsel believe that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and the defenses asserted by Defendant.  Defendant agrees that the Settlement is fair, reasonable, and adequate.

III.    **<u>TERMS OF SETTLEMENT</u>**

28.     **Certification of FLSA Class.**   For purposes of this Settlement only, the Parties stipulate that Class Members are "similarly situated" under section 216(b) of the Fair Labor Standards Act.  If for any reason the Settlement does not become Final, this "similarly situated" stipulation will automatically become null and void and will have no force or effect, and the Parties will be restored to their positions before this Settlement was reached.  This "similarly situated" stipulation under the standard applied to settlements is in no way an admission that such a determination would be proper if this matter were litigated.   Evidence of this limited stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding except for the purpose of enforcing its terms.

29.     **Maximum Payment.**   The Maximum Payment that Defendant is responsible for paying under this Settlement is $8,129,675.  From this amount, the following payments will be made, subject to District Court approval: (1) Participating Class Members' Settlement Shares; (2) an amount sufficient to pay the employer share of FICA, FUTA, SUTA, and other payroll withholdings due, pursuant to federal, state and/or local law, on that portion of Participating Class Members' Settlement Shares allocated to wages as provided in this Settlement; (3) service payments to the Class Representatives and other Participating Class Members who are designated below to receive such payments (not to exceed $10,000 per individual); (4) Class Counsel's reasonable attorneys' fees and

expenses (not to exceed 33.33% of the Maximum Payment); and (5) the reasonable expenses of the Settlement Administrator in administering the Settlement.

30.   **Calculation of Settlement Shares and Related Matters.**

a.   **Calculation of Settlement Shares.**   After deducting from the Maximum Payment: (1) service payments; (2) Class Counsels' attorneys' fees and expenses; (3) the settlement administration expenses incurred by the Settlement Administrator; and (4) the amount sufficient to cover the employer share of FICA, FUTA, SUTA and other payroll contributions due, pursuant to federal, state and/or local law, on the portion of Participating Class Members' Settlement Shares allocated to wages, the balance of the Maximum Payment (the "Net Settlement Amount") will be allocated to Participating Class Members as their Settlement Shares. The Settlement Shares will be calculated by dividing the Net Settlement Amount, as reduced pursuant to Section 30(c), by the total number of Compensable Workweeks worked by Participating Class Members to arrive at the Net Settlement Value attributable to each Compensable Workweek.   Each Participating Class Member's Settlement Share will be determined by multiplying this figure by the number of Compensable Workweeks that he or she worked during the Class Period.   A Participating Class Member is entitled to his or her Settlement Share only if he or she fully complies with the claims process under this Settlement, including, but not limited to, submitting a Consent and Claim Form

11

that is completed in its entirety, without modification. Class Counsel have furnished Defendant with information based on Defendant's records and other information available from Class Members which verify the number of Compensable Workweeks and explaining the process by which the number of Compensable Workweeks was determined.

      b.   **Tax Allocation and Benefits.**  Of each Settlement Share, 50% will be allocated as payment in settlement of the Class Member's disputed claims for wages and will be subject to IRS Form W-2 reporting. Therefore, appropriate payroll taxes and withholdings will be deducted pursuant to federal, state and/or local law and remitted to the taxing authorities. The employer portion of payroll taxes and withholdings on these amounts (FICA, FUTA, SUTA, and similar required payments) will be calculated and paid from the Maximum Payment. The remaining 50% of the Settlement Share will be allocated as payment in settlement of the Class Member's disputed claims for liquidated damages. Participating Class Members will be issued an IRS Form 1099 for that portion of the payments, and no payroll or tax withholding will be made from these payments. The Participating Class Members will be responsible for correctly reporting the settlement payments for tax purposes and paying any taxes owing on said amounts. The Participating Class Members will not make any claims against Defendant or any other person based on how Defendant reports the Settlement Shares or withholds taxes from

them. The Participating Class Members also will not make any claims against Defendant or any other person if an adverse determination is made as to the tax treatment of the Settlement Shares and acknowledge that Defendant has no duty to try to prevent an adverse determination.   No payments made pursuant to this Settlement will be treated as eligible compensation for benefit plan purposes or otherwise be eligible for treatment or inclusion in any benefit plan applicable to employees of Defendant.   The Participating Class Members acknowledge and agree that Defendant has not provided any tax advice regarding this Settlement.

> c.     **Disposition of Settlement Shares for Class Members Who Do Not Execute Consent and Claim Forms.**   The Net Settlement Amount will be reduced by the Settlement Share otherwise attributable to any Class Member who fails to fully execute a Consent and Claim Form.   No other Class Member will have any claim to that Settlement Share and those funds will revert to Defendant.

> 31.   **Service Payments.**   Subject to District Court approval and the execution of a Consent and Claim Form, without modification, Defendant agrees to pay each of the Class Representatives and other opt-in deponents (the "Other Service Payment Recipients"), service payments in the following amounts: Class Representatives, $10,000 each; other opt-in deponents, $2,500 each, to be paid from the Maximum Payment, in recognition for their service in the Action, in addition to any payment they may otherwise receive as Participating Class

Members.  Defendant will not oppose Plaintiffs' request for service payments in these amounts, so long as no service payment to any one Service Payment Recipient exceeds $10,000.  Any reduction by the District Court in the requested service payments shall not be a basis for rendering the entire Settlement voidable or unenforceable.  These service payments will be reported to the taxing authorities by means of an IRS Form 1099 issued to Service Payment Recipients.  The Class Representatives and Other Service Payment Recipients will not make any claims against Defendant or any other person based on how Defendant reports the service payments or withholds taxes from them.  The Class Representatives and Other Service Payment Recipients also will not make any claims against Defendant or any other person if an adverse determination is made as to the tax treatment of the service payments and acknowledge that Defendant has no duty to try to prevent such an adverse determination.  The Class Representatives and Other Service Payment Recipients acknowledge and agree that Defendant has not provided any tax advice regarding this Settlement.

32.    **Attorneys' Fees and Costs.**  Plaintiffs will request, and Defendant will not oppose, an award of Class Counsel's attorneys' fees and reasonable litigation expenses not to exceed 33.33% of the Maximum Payment (or $2,709,620) to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement,

securing District Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining dismissal of the Action.  Any reduction by the District Court in the attorneys' fees and expenses awarded to Class Counsel will not be a basis for rendering the entire Settlement voidable or unenforceable.  Class Counsel's attorneys' fees and expenses will be reported to the taxing authorities by means of an IRS Form 1099 issued to Class Counsel.

33.     **Costs of Settlement Administration.**  The Settlement Administrator will pay from the Maximum Payment its reasonable fees and expenses incurred in administering the Settlement, as approved by the District Court.  Those fees and expenses currently are estimated to be $20,000.

34.     **Distribution to Class Members.**

a.     **Submission of Consent and Claim Forms.**  Settlement Shares and Service Payments will be paid only to Participating Class Members, who by definition are Class Members submitting timely and valid Consent and Claim forms, without modification, that have been fully executed where indicated.  To be timely, the Consent and Claim Forms must be submitted by the deadline indicated on the Notice by mail, facsimile, or e-mail.  To be valid, Consent and Claim Forms must be completed in full, without modification, signed where indicated, and

returned to the Settlement Administrator by the deadline (if mailed, bearing a postmark by the deadline).

       b.     **Failure of Sufficient Class Members to Execute the Required Consent and Claim Forms.** If 10% or more of the total number of Class Members fail to execute the required Consent and Claim Form, then Defendant will have the unilateral right at its sole discretion to void this Settlement in its entirety. If the Settlement is voided by Defendant, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration, which costs shall be borne by Defendant. Further, if the Settlement is voided, any documents executed by Class Members including but not limited to Releases of Claims, Arbitration Agreements, and Job Duties documents will be null and void and cannot be used for any purpose. Defendant shall have thirty days following the deadline for Class Members to submit Consent and Claim forms to exercise this right to void the Settlement.

       c.     **Due Date for Settlement Payments.** Within thirty (30) calendar days after 1) the Settlement becomes Final and 2) the Court rules on Class Counsel's motion to approve the award of the Service Payments and Class Counsel's attorney's fees and expenses, the Settlement Administrator will remit the Settlement Shares to the Participating Class Members, the Service Payments to the Class Representatives and Other Service Payment Recipients, and the payments to

Class Counsel for their approved attorneys' fees and expenses.  Within twenty-one (21) days after the Settlement becomes Final, Defendant will transfer the necessary funds to the Settlement Administrator.

   d. **Prior Releases Not a Bar.**  To the extent that a Plaintiff or a Class Member previously has executed a general release in exchange for a severance payment, the release will not bar participation in this Settlement, but any such release will remain in full force and effect for all other purposes.

  35. **Media Contact.**  The Parties and their counsel will not issue any press releases or initiate any contact with the media about this case, the claims asserted in this Action, and/or the amount, or terms of the Settlement.  If counsel for either Party receives an inquiry about the Settlement from the media, counsel may respond only after the motion for approval has been filed and only by confirming the terms of the Settlement.

IV. **MOTION FOR APPROVAL**

  36. Promptly upon the execution of this Settlement, the Parties will file a joint motion for Approval of the Settlement, applying to the District Court for the entry of an order:

   a. approving the Settlement;

   b. approving David Sanford and Jeremy Heisler of Sanford Heisler, LLP; as Class Counsel.

      c.      approving as to form and content the proposed Notice to the Class;

      d.      approving as to form and content the proposed Consent and Claim Forms;

      e.      directing the mailing of the Notice and the Consent and Claim Forms;

Once the Settlement becomes Final, the Parties will file a joint motion to the District Court for entry of an order:

      f.      dismissing without prejudice any Class Representatives or Class Members who do not execute Consent and Claim forms; and

      g.      dismissing this Action on the merits and with prejudice and permanently enjoining the Class Representatives and all Class Members who execute Consent and Claim Forms from prosecuting against the Released Parties any and all of the released claims.

37.      On or after the same date that the parties file the joint motion for approval described in section 36, Plaintiffs and Class Counsel may move for an award of the Service Payments and Class Counsel's attorney's fees and expenses,

together with a memorandum in support of their motion, which Defendant will not oppose provided it complies with sections 31 and 32.

38.     After entry of the Approval orders described in section 36, the District Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-Approval matters as may be appropriate under court rules or applicable law.   The Court will also retain jurisdiction over the Action if the Settlement does not become Final.

V.    **NOTICE TO THE CLASS**

39.     Within twenty (20) calendar days following the Approval of the Settlement, including the expiration of all appeals deadlines required for Approval, to the extent practicable, Defendant will provide to the Settlement Administrator and Class Counsel the names, last known addresses, last known telephone numbers, Social Security numbers, and where applicable, current Class Position of the Class Members.  This information will be used solely for the purpose of facilitating this Settlement and may not be disclosed to any other individual or entity without the express written consent of Defendant. Class Counsel will provide the Settlement Administrator with data indicating the number of Compensable Workweeks for each Class Member.  This data will be based on Defendant's payroll and other business records and will be provided in a format

acceptable to the Settlement Administrator.  The Parties will consult with the Settlement Administrator prior to the production date to ensure that the format of the database will be acceptable to the Settlement Administrator.

40.   Within twenty (20) calendar days after receipt of the Class Member information from Defendant, to the extent practicable, the Settlement Administrator will consider address updates provided by Class Counsel and mail to all Class Members by regular first-class U.S. mail, the Notice, the Consent and Claim Form and a pre-addressed, postage-paid envelope ("the Notice Packet"). The Notice to the Class will be in the same form as Exhibit A attached to this Stipulation, subject to the District Court's approval.  The Consent and Claim Form for the various groups of Class Members will be in the same form as Exhibits B, C, D, E, and F, respectively, subject to the District Court's approval.

41.   The Settlement Administrator will use all standard skip-tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice Packets are sent to all Class Members.  With respect to returned Notice Packets, the Settlement Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

VI.   **CLAIM PROCESS**

42.    Class Members will have sixty (60) calendar days from the mailing (or re-mailing if the original mailing is returned due to inaccurate address information) of the Notice Packet to submit their Consent and Claim Form. Completed Consent and Claim Forms may be submitted to the Settlement Administrator via U.S. mail, facsimile, or e-mail.  No Consent and Claim Form will be honored if submitted after the deadline to submit such forms, except as otherwise mutually agreed by the Parties or ordered by the District Court.  In the case of a mailed Consent and Claim Form, the postmark date will be deemed the date of submission.

43.    If a Class Member submits a timely Consent and Claim Form that is rejected by the Settlement Administrator as deficient in some material respect (for example, the Class Member failed to sign every required portion of it), the Settlement Administrator will notify the Class Member in writing of the basis for the deficiency and give the Class Member a reasonable opportunity to cure the deficiency, including a follow-up telephone call to the Class Member, if necessary. The Settlement Administrator will also provide the Class Member with Class Counsel's contact information in case the Class Member wishes to seek Class Counsel's assistance.  Class Members will have 20 days from notification of the deficiency to cure the deficiency, or until the end of the 60-day period for submitting a valid claim, whichever comes later.

44.     The Settlement Administrator will provide counsel for all parties with a semi-monthly report showing the number of Consent and Claims Forms received, and the number of workweeks claimed.   Twenty-one (21) days prior to the deadline to submit the Consent and Claim Forms, the Claims Administrator will send a postcard reminder notice to all Class Members who have not yet submitted Consent and Claim Forms.  At least ten (10) days prior to the deadline to submit Consent and Claim Forms, the Settlement Administrator will attempt to contact by telephone any Class Members who still have not submitted Consent and Claim Forms.

VII.   **RESOLUTION OF CLAIM DISPUTES**

45.     If a Class Member who receives a Consent and Claim Form wishes to dispute the number of Compensable Workweeks listed on the form, the Class Member may so notify the Settlement Administrator and must produce supporting evidence to the Settlement Administrator of the dates the Class Member contends he or she worked in a Class Position.  Defendant and Class Counsel will review their records and provide information to the Settlement Administrator in response to any such disputed claims.  Counsel for the Parties will cooperate in attempting to informally agree upon and resolve any such disputes.  Defendant's records will be presumed determinative, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and make the decision as to which dates

should be applied.  The determination by the Settlement Administrator will be final and not subject to further review.

46.   The dispute-resolution procedure described in the preceding paragraph will also apply in cases, if any, where a person believes that he or she was wrongly excluded from the class list.

## VIII.  **USE AND RETURN OF DOCUMENTS**

47.   All originals, copies, and summaries of documents provided to Class Counsel by Defendant or to Defendant by Class Counsel on behalf of their clients in connection with the Action, including, but not limited to, the mediation or other settlement negotiations as well as all deposition testimony or transcripts, may be used only with respect to this Action and this Settlement, and for no other purpose and may not be shared with anyone other than counsel for the Parties, their employees, or the Settlement Administrator except if compelled by subpoena or otherwise pursuant to a legal obligation.  Within 30 days after the Settlement becomes Final, counsel will return or destroy and confirm in writing the destruction of all such documents exchanged.

## IX.  **RELEASE OF CLAIMS**

48.   **Claims Released by Class Representatives and Class Members.**

Each Participating Class Member who executes a Consent and Claim form will release any and all Released Claims that he or she has against the Released

23

Parties. Any Class Member who fails to execute a Consent and Claim form will retain all claims they otherwise have against Defendant and will not be deemed to have released any claims by virtue of opting in to this Action.  The claims of Class Members who do not participate in the Settlement will be tolled from the dates their opt-in forms were filed with the Court until the date of the Court's Order dismissing them without prejudice from the Action, as well as for the three month and twenty-four day period specified in the parties' tolling agreement in this case.

X.    **EFFECT OF SETTLEMENT NOT BECOMING FINAL**

49.    If this Settlement does not become Final then it will become null and void.  In such case, the Settlement and any releases, arbitration agreements, job duties documents, and other settlement documents executed by any Class Member thereunder will not be used or be admissible in any subsequent proceedings, either in this District Court or in any other court or forum, or for any other purpose.

XI.    **EFFECT OF SETTLEMENT PAYMENTS ON BENEFITS**

50.    The settlement payments to Participating Class Members under this Settlement will not have any effect on the eligibility or calculation of any employee benefits.  The Parties agree that payment of Settlement Shares to Participating Class Members does not represent any modification of any employee's previously-credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other

program or policy sponsored or administered by Defendant or any of its parents, subsidiaries, or affiliates.  Further, the settlement payments will not be considered wages, compensation, or annual earnings for benefits in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored or administered by Defendant or any of their parents, subsidiaries, or affiliates.

XII.  **PARTIES' AUTHORITY**

51.    The respective signatories to the Settlement warrant and represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

XIII.  **MUTUAL FULL COOPERATION**

52.    Class Counsel and Counsel for Defendant warrant and represent that they are authorized by their clients, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

53.    The Parties will cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties will use their best efforts, including all efforts

contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of the Settlement.

54. Any dispute concerning the interpretation or implementation of this Settlement Agreement will be resolved by the District Court. Prior to any such resort to the District Court, counsel for the Parties will confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute themselves, the dispute will be submitted to David Rotman for mediation before being submitted to the District Court, unless the Parties agree otherwise.

## XIV.  **NO PRIOR ASSIGNMENTS**

55. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XV.  **NO ADMISSION OF LIABILITY**

56. Nothing contained in this Settlement will be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. The agreement is entered into solely for the purpose of compromising highly disputed claims. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation, and the attendant

inconvenience and expense.  This Settlement will be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.  No term of this agreement or Settlement will constitute an admission by any party or counsel herein in any other litigation.

## XVI.   **FAIR, ADEQUATE, AND REASONABLE SETTLEMENT**

57.    The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent it to the District Court.  In addition, the Parties may request that mediator David A. Rotman execute a declaration supporting the Settlement, and the District Court may, in its discretion, contact Mr. Rotman to discuss the Settlement and whether or not the Settlement is fair and reasonable.

## XVII. **ENFORCEMENT ACTIONS**

58.    In the event that one or more of the Parties institute any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties its or their reasonable attorneys' fees and expenses incurred in connection with any enforcement actions.

## XVIII.   **NOTICES**

59.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder will be in writing and will be deemed to

have been duly given as of the third business day after mailing by United States first-class mail, return receipt requested, addressed as follows:

    a.   <u>To the Class</u>:

> David Sanford
> SANFORD HEISLER, LLP
> 1666 Connecticut Avenue NW, Ste. 300
> Washington, DC 20009

    b.   <u>To Defendant</u>:

> William C. Barker
> PAUL HASTINGS LLP
> 1170 Peachtree Street N.E., Ste. 100
> Atlanta, Georgia  30309

## XIX.  **CONSTRUCTION**

60.    The terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in its drafting.

## XX.  **CAPTIONS AND INTERPRETATIONS**

61.    Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

## XXI.  **MODIFICATION**

62.    This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the District Court.   This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XXII.  **INTEGRATION CLAUSE**

63.    This Settlement contains the entire agreement between the Parties relating to the resolution of the Action.  All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Joint Stipulation.  No rights under this Joint Stipulation may be waived except in writing.

## XXIII.  **BINDING ON ASSIGNS**

64.    This Settlement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXIV.  **CLASS COUNSEL SIGNATORIES**

65.    Because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.   The Notice, Exhibit A, will inform all Class Members of the binding nature of the release.  This Settlement will have the same force and effect as if it were executed by each Class

Member, provided however that only Class Members who execute all of the documents required by the applicable Claim and Consent Form will receive payments pursuant to this Settlement or be bound by the release.

## XXV. **COOPERATION IN DRAFTING**

66.    The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

## XXVI. **COUNTERPARTS**

67.    This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties.

## XXVII. **WAIVER OF APPEALS**

68.    The Parties waive all appeals from the District Court's Approval of this Settlement, unless the District Court materially modifies the Settlement; provided, however, that Plaintiffs may appeal any reduction in the award of attorneys' fees and expenses (in such case this Settlement will not be Final until after the ultimate disposition of such appeal).  Any reduction in the award of service payments to the Class Representatives and Other Service Payment

Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

XXVIII.  **NO TAX ADVICE**

69.     Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated:  March ___, 2013.          WILLIAM LAWSON

                                  _____
                                  _____

Dated:  March ___, 2013.          JOE TRIPODI

                                  _____
                                  _____

Dated:  March___, 2013.           THOMAS WHITTINGTON

                                  _____
                                  _____

Dated:  March ___, 2013.          JASON PHILLIPS

                                  _____
                                  _____

Dated:  March ___, 2013.          NESBIT B. SILLS


                                  _____
                                  _____

Dated:  March ___, 2013.          SANFORD HEISLER, LLP

                                  By:
                                  _____
                                  _____
                                              David Sanford
                                  Attorneys for Plaintiffs William Lawson,
                                  Joe Tripodi, Thomas Whittington, Jason
                                       Phillips and Nesbit B. Sills


Dated:  March ___, 2013.          BELLSOUTH TELECOMMUNICATIONS,
                                  INC.


                                  By: _____
                                       Bill Smith – President Network
                                              Operations


Dated:  March ___, 2013.

                                  WILLIAM C. BARKER
                                  PAUL HASTINGS LLP


                                  By: _____
                                           William C. Barker
                                       Attorneys for Defendant
                                  BellSouth Telecommunications, Inc.

Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XXVIII.  **NO TAX ADVICE**

69.     Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated:  March *19*, 2013.          WILLIAM LAWSON

Dated:  March ___, 2013.           JOE TRIPODI

Dated:  March___, 2013.            THOMAS WHITTINGTON

Dated:  March ___, 2013.           JASON PHILLIPS

Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

XXVIII. **NO TAX ADVICE**

    69.    Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: March ___, 2013.        WILLIAM LAWSON

_____

_____

Dated: March _18_, 2013.        JOE TRIPODI

_____

Dated: March___, 2013.        THOMAS WHITTINGTON

_____

_____

Dated: March ___, 2013.        JASON PHILLIPS

_____

_____

31

Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

XXVIII. **NO TAX ADVICE**

69.    Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: March ___, 2013.          WILLIAM LAWSON

Dated: March ___, 2013.          JOE TRIPODI

Dated: March 21, 2013.          THOMAS WHITTINGTON

Dated: March ___, 2013.          JASON PHILLIPS

31

Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XXVIII. NO TAX ADVICE

69.     Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: March ___, 2013.          WILLIAM LAWSON

_____

_____

Dated: March ___, 2013.          JOE TRIPODI

_____

_____

Dated: March___, 2013.          THOMAS WHITTINGTON

_____

_____

Dated: March *18*, 2013.          JASON PHILLIPS

_____

31

Dated: March 19, 2013.

NESBIT B. SILLS

*Nesbit B. Sills*
_____

_____

Dated: March ___, 2013.

SANFORD HEISLER, LLP

By:
_____

_____
David Sanford
Attorneys for Plaintiffs William Lawson,
Joe Tripodi, Thomas Whittington, Jason
Phillips and Nesbit B. Sills

Dated: March ___, 2013.

BELLSOUTH TELECOMMUNICATIONS,
INC.

By: _____
Bill Smith – President Network
Operations

Dated: March ___, 2013.

WILLIAM C. BARKER
PAUL HASTINGS LLP

By: _____
William C. Barker
Attorneys for Defendant
BellSouth Telecommunications, Inc.

Dated: March ___, 2013.          NESBIT B. SILLS

_____

Dated: March **26**, 2013.       SANFORD HEISLER, LLP

By: _____
                David Sanford
        Attorneys for Plaintiffs William Lawson,
        Joe Tripodi, Thomas Whittington, Jason
            Phillips and Nesbit B. Sills

Dated: March ___, 2013.          BELLSOUTH TELECOMMUNICATIONS,
                                 INC.

By: _____
          Bill Smith – President Network
                   Operations

Dated: March ___, 2013.          WILLIAM C. BARKER
                                 PAUL HASTINGS LLP

By: _____
               William C. Barker
            Attorneys for Defendant
        BellSouth Telecommunications, Inc.

LEGAL_US_W # 74036476.1

32

Dated: March ___, 2013.         NESBIT B. SILLS

                                _____
                                _____

Dated: March ___, 2013.         SANFORD HEISLER, LLP

                                By:
                                _____
                                        David Sanford
                                Attorneys for Plaintiffs William Lawson,
                                Joe Tripodi, Thomas Whittington, Jason
                                Phillips and Nesbit B. Sills

Dated: March ___, 2013.         BELLSOUTH TELECOMMUNICATIONS,
                                INC.

                                By: _____
                                    Bill Smith – President Network
                                              Operations

Dated: March 26, 2013.          WILLIAM C. BARKER
                                PAUL HASTINGS LLP

                                By: _____
                                        William C. Barker
                                     Attorneys for Defendant
                                BellSouth Telecommunications, Inc.

32

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, 1:09-cv-3528-JEC

## NOTICE OF PROPOSED COLLECTIVE ACTION SETTLEMENT

To:    ALL CURRENT AND FORMER EMPLOYEES OF BELLSOUTH
TELECOMMUNICATIONS, INC. (herein "BellSouth"), who were properly
within the scope of the collective action certified by the Court via its Order of
August 16, 2011, who received notice of the Action pursuant to that Order and
who submitted timely consent to join forms pursuant to that Order, as well as
those individuals who filed timely consent to join forms in the Action prior to the
Court's August 16, 2011 Order granting conditional certification.

## PLEASE READ THIS NOTICE CAREFULLY.

Pursuant to an Order of the United States District Court for the Northern District of
Georgia entered on _____, 2013, **YOU ARE HEREBY NOTIFIED AS
FOLLOWS:**

A proposed settlement ("Settlement") has been reached among the parties in this
collective action pending in the United States District Court for the Northern District of
Georgia, brought on behalf of all individuals described above (the "Class").  The Court
has approved the Settlement and certified the Class for purposes of the Settlement only.
You have received this notice because Court filings and BellSouth's records indicate
that you are a member of the Class.  The purpose of this Notice is to explain the terms
of the Settlement and inform you of how you can make a claim under the Settlement.

## I.    BACKGROUND OF THE CASE

On December 16, 2009, Plaintiffs William Lawson, Joe Tripodi, Thomas Whittington,
Jason Phillips and Nesbit B. Sills commenced an alleged collective action against
BellSouth in the United States District Court for the Northern District of Georgia, Case
No. 1:09-cv-3528-JEC ("the Action").

Plaintiffs alleged that they and the members of the Class were misclassified as exempt
from federal overtime laws and not paid compensation for overtime hours they worked.
Plaintiffs further alleged that Defendant failed to keep payroll records reflecting the
hours they had worked.  The Action alleged Plaintiffs were entitled to recovery of

unpaid overtime and other relief, including interest, liquidated damages, attorneys' fees, and costs.

On February 17, 2010, Defendant filed its answer to Plaintiffs' complaint, disputing and denying Plaintiffs' material allegations, maintaining that the District Court should not certify the class proposed by Plaintiffs, and raising various defenses.

On May 14, 2010, Plaintiffs filed a Motion for Conditional Collective Action Certification and Issuance of Notice to the Collective Action Class (the "Conditional Certification Motion"). On February 4, 2011, Defendant filed its opposition to the Conditional Certification Motion. On August 16, 2011, the District Court granted the Conditional Certification Motion, conditionally certifying a federal Fair Labor Standards Act ("FLSA") class of "[all] Field Managers (Level One Managers with Field Technicians) employed by BellSouth at any time between December 2006 and present" pursuant to 29 U.S.C. §216(b). Pursuant to the Court's Order, notice was issued to the conditionally certified class and the deadline for putative class members to submit consent to join forms was February 13, 2012.

The Parties have conducted an in-depth investigation regarding the suitability of Plaintiffs' claims for class treatment and the merits of the liability issues. The Parties' investigation consisted of: (1) propounding extensive written discovery, consisting of requests for production of documents and interrogatories; (2) taking 10 opt-in depositions, (3) conducting a survey of individuals in relevant job titles regarding their work hours and job duties; (4) submitting expert reports; (5) interviewing witnesses; and (6) reviewing and analyzing thousands of pages of documents and electronic data provided by the Parties, including job descriptions, employee records, and payroll data, among other things.

On September 18, 2011, the parties participated in a full-day mediation before a well-respected class action mediator, David A. Rotman of Gregorio, Haldeman & Rotman but did not arrive at a settlement.

On April 19, 2012, the parties participated in a second full-day mediation before David A. Rotman. After good-faith, arm's-length negotiations, the parties reached an agreement to settle the Action pursuant to the terms and conditions set forth below. Based on their own independent investigation and evaluation, Class Counsel believe that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of

significant delay and the defenses asserted by Defendant.  Defendant agrees that the Settlement is fair, reasonable, and adequate.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or will be construed as an admission by BellSouth that Plaintiffs' claims in the action have merit or that BellSouth bears any liability to Plaintiffs or the Class on those claims.

Plaintiffs, BellSouth, and their counsel have concluded that the Settlement is advantageous considering the risks and uncertainties to each side of continued litigation. Risks to you and other Class Members include, but are not limited to, the following: (1) the Court could decertify the conditionally-certified FLSA class which would prevent you from litigating some or all of the claims asserted by Plaintiffs in this lawsuit collectively with the other Class Members; and (2) a jury could find in BellSouth's favor at a trial of the claims asserted in this lawsuit.  In 2011, a jury in the United States District Court for the District of Connecticut found against the plaintiffs in a case involving similar claims captioned *Perkins v. Southern New England Telephone Company*, 3:07CV967 (JCH) (D. Conn.).  The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of all parties.

## II.     SUMMARY OF THE SETTLEMENT

### A.     Who is included in the Settlement?

You are a Class Member, and are included in the Settlement, if you worked for BellSouth in one or more of the Class Positions (C&E Field Manager, U-verse Field Manager, I&M Field Manager, or GNFO Field Manager) while supervising outside technicians in one of the following positions:  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician at any time from three years prior to your opt-in date plus any portion of an additional three month and twenty four day tolling period that you may be entitled to, through April 30, 2012.  You must have also submitted a timely consent to join prior to February 13, 2012.

### B.     What will I receive from the Settlement And How Do I Participate?

BellSouth will make a settlement payment ("Settlement Share") to each Class Member who submits a timely and valid Consent and Claim form that is fully executed without modification, including, but not limited to, the Arbitration Agreement and Job Duties document (if applicable), based on the formula discussed below.

The Settlement calls for BellSouth to pay a total of $8,129,675, referred to as the "Maximum Payment." As will be set forth in more detail below, if the Court approves the Settlement as proposed, the amount available for Class Members from the Maximum Payment after service payments, administrative expenses, attorneys' fees and costs is estimated at $5,536,336.20, less BellSouth's share of payroll taxes (the "Net Settlement Amount").

The Net Settlement Amount will be different than this amount if the Court does not approve the requested amounts for attorneys' fees, litigation costs, or service payments, or if the cost of administering the Settlement or BellSouth's share of payroll taxes is different than estimated.

The Maximum Payment will be reduced by the Settlement Share otherwise attributable to any Class Member who does not submit a Consent and Claim Form. No other Class Member will have any claim to that Settlement Share.

The estimated share you will receive under the Settlement is preprinted on your customized Claim Form accompanying this Notice. The actual amount you receive may be higher or lower than this amount.

Each Class Member's recovery will be based on a formula that computes a dollars-per-workweek amount, multiplied by the number of compensable workweeks worked by the Class Member in a Class Position during the relevant class period. The amount of each Class Member's recovery will depend on (a) the size of the Net Settlement Amount as finally approved by the Court; and (b) the number of weeks that each Class Member worked in a covered position during the time period covered by the Settlement.

Each Class Member who submits a Consent and Claim Form that is completed in its entirety and without modification, including, but not limited to, the Arbitration Agreement and the Job Duties document (if applicable), signed and submitted by the deadline (if mailed, postmarked by the deadline) stated on the Claim Form is a "Participating Class Member" and will receive a Settlement Share.

The amount that each Participating Class Member will receive will be subject to payroll and tax withholding on a portion of the payment. Fifty percent (50%) of the payment will be allocated as payment of the Participating Class Members' disputed claims for wages subject to W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal and local law. The remaining 50% will be allocated as payment in settlement of the Participating Class Members' disputed claims for interest, liquidated damages, and penalties subject to IRS Form 1099 reporting. No payroll taxes will be withheld from the latter amount, and Participating Class Members will be issued an IRS Form 1099 for that portion of their payment as required by law. Participating Class Members will be responsible for correctly reporting this compensation for tax purposes and paying any taxes owing on this amount.

### C.      When will I receive my Settlement Share?

The Settlement Shares will be paid within thirty (30) calendar days after the Settlement becomes Final and the Court rules on Class Counsel's motion for approval of attorneys' fees and Service Payments (as described in II.H. and II.I. below).

### D.      Will I Face Retaliation for Participation?

No. You will not be retaliated against by BellSouth for participation in this settlement.

### E.      What if I do not want to participate in the Settlement?

You will not be included in the Settlement if you do not submit a signed Consent and Claim Form that is provided with this Notice, nor will you be bound by the terms of the Settlement.

### F.      What if I submit a Claim Form?

If you submit a valid and timely Consent and Claim Form, without modification, including, but not limited to, the Arbitration Agreement and the Job Duties document (if applicable), you will receive a Settlement Share, and you will give up any rights you would otherwise have to sue BellSouth for claims that your rights have been violated under federal and state overtime laws and other related wage-and-hour laws, as described more fully in the Release of Claims below.

### G.      Release of Claims.

The Class Members who submit timely Consent and Claim Forms fully and finally release and discharge Defendant, its present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in Plaintiffs' complaint in the Action or derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law. Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.

## H.     Service Payments.

Class Members who served as Named Plaintiffs and/or deponents have dedicated time and energy to litigating this lawsuit and have assumed potential risks that other Class Members did not suffer.  For this reason, Class Counsel will apply to the Court for "Service Payments" for these individuals.  Class Counsel will apply to the Court for Service Payments of $10,000 each for the Named Plaintiffs and $2,500 for each of the remaining deponents.  These payments total less than one percent of the Settlement Amount and will be deducted from the Maximum Payment.

## I.     Attorneys' Fees and Costs.

As is routine in class and collective actions of this nature, Class Counsel will seek approval from the Court for payment of attorneys' fees and costs. Class Counsel have vigorously investigated and litigated this case for approximately three years.  In so doing, Class Counsel have engaged in extensive discovery, including taking and defending more than ten depositions, assisting Plaintiffs with numerous written discovery requests, and reviewing thousands of pages of documents and electronic data exchanged by the parties.  Class Counsel have also engaged in contested motion practice including briefing related to Plaintiffs' efforts to conditionally certify the FLSA

collective action.  Class Counsel have litigated this case on behalf of you and the other Class Members without receiving any compensation for their services or reimbursement of their out-of-pocket litigation expenses and have undertaken significant risks in pursuing this matter.  They have done so with the understanding that, if they obtained a recovery for Class Members, their expenses would be reimbursed and they would receive fees from the funds recovered.  Accordingly, Class Counsel will seek approval from the Court for payment of attorneys' fees and costs in the combined amount of 30.88% of the Maximum Payment. This amount, if approved by the Court, will be deducted from the Maximum Payment.  Class Counsel believes the amount they are requesting for costs and attorneys' fees is fair and reasonable.  BellSouth will not oppose Class Counsel's request for this amount.

### J.    Settlement Administrator.

The Court has appointed Kurtzman Carson Consultants LLC to act as an independent Settlement Administrator to process this Settlement, answer questions you may have about the process, and assist in resolving any disputes concerning a person's eligibility to participate in the Settlement and his or her share of the Settlement proceeds.

### K.    Costs of Administration.

The costs of administering the Settlement will be deducted from the Maximum Payment.  The Settlement Administrator estimates that this amount will be approximately $20,000.

## III.   PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT

Plaintiffs William Lawson, Joe Tripodi, Thomas Whittington, Jason Phillips and Nesbit B. Sills, as the Class Representatives, and Class Counsel support this Settlement.  As detailed in Section I, their reasons include the inherent risk of decertification of the conditionally-certified FLSA class, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation.  Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved, or at what additional cost.  Therefore, upon careful consideration of all the facts and circumstances of this case, Class Representatives and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## IV.   WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

### A.   Participating in the Settlement.

Plaintiffs, as Class Representatives, and Class Counsel represent your interests as a Class Member.  If you submit a valid and timely Consent and Claim Form, without modification, including, but not limited to, the Arbitration Agreement and Job Duties document (if applicable), you will receive a Settlement Share and will forfeit any rights you would otherwise have to sue BellSouth for claims (as described in Paragraph II.G) that your rights under federal and state wage-and-hour laws have been violated from December 16, 2006, up to and including the date the Settlement is Final, the period covered by the lawsuit and Settlement.  As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

### B.   Claiming a Share of the Settlement Proceeds.

To receive your share of the Settlement proceeds, you must sign the enclosed Consent and Claim Form in its entirety without modification, including, but not limited to, the Release, Arbitration Agreement, and Job Duties document (if applicable) and return it in the enclosed pre-addressed, postage-paid envelope, or fax or email them to:

> BellSouth/Luque Settlement Administrator
> c/o Kurtzman Carson Consultants LLC
> [MAILING ADDRESS]
> _____
>
> Fax no. _____
> Email address: _____

The fully executed Consent and Claim Form must be mailed, faxed, emailed, or with a postmark (if mailed) of not later than _____, 2013 (within 60 days of the mailing of this Class Notice).

A Class Member who fails to submit a Consent and Claim Form in the manner and by the deadline specified above **will not** receive a share of the Settlement proceeds.

To be valid, the Consent and Claim Form must include the last four digits of your social security number and be dated and signed by you everywhere a date and signature is called for.  Modification of a Consent and Claim Form or failure to sign each and every provision will render a Consent and Claim Form invalid.

### C.    Disagreements as to Class Members' Compensable Workweeks.

The Consent and Claim Form enclosed with this Notice lists the number of your Compensable Workweeks, according to BellSouth's records.  If you wish to challenge the number of Compensable Workweeks listed on your Consent and Claim Form, you may do so by submitting a written challenge to the Settlement Administrator, along with the signed Consent and Claim Form, without modification (including, but not limited to, the Arbitration Agreement and Job Duties document (if applicable)), by _____, 2013 (within 60 days of the date of mailing of this Notice), and by including any supporting evidence or documentation, in accordance with the instructions on the Consent and Claim Form.  The Settlement Administrator will evaluate the evidence you submit and, after reviewing BellSouth's records, the Settlement Administrator, together with counsel for the parties, will attempt to informally resolve the dispute as to your correct number of Compensable Workweeks.  Unresolved disputes will ultimately be decided by the Settlement Administrator, and that decision will be binding.  If you dispute the number of Compensable Workweeks, you may consult with Class Counsel about your disputed claim.

## V.    GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Class Settlement and Release between Plaintiffs and Defendant, which is on file with the Clerk of the Court.  The pleadings and other records in this litigation, including the Joint Stipulation of Class Settlement, may be examined at any time during regular business hours in the office of the Clerk, United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and Courthouse, 75 Spring St SW, Atlanta, Georgia 30303.  Alternatively, the pleadings and other information about the Settlement may be examined online on the United States District Court for the Northern District of Georgia website, known as "PACER," at https://ecf.gand.uscourts.gov/cgi-bin/ShowIndex.pl.  **You may also contact the Settlement Administrator at:  1-8_____, or Class Counsel listed below for more information:**

David Sanford
SANFORD HEISLER, LLP
1666 Connecticut Avenue NW, Ste. 300
Washington, DC 20009
att-classaction@sanfordheisler.com

**IMPORTANT:**

1.     **PLEASE DO NOT TELEPHONE THE COURT OR BELLSOUTH'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

2.     **If you move to a different address or change other forms of contact information such as telephone numbers and email addresses please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator to ensure receipt of your Settlement Share.**

3.     **It is strongly recommended that you keep a copy of your completed Consent and Claim Form and proof of its timely submission until after you have received your Settlement Payment.**

LEGAL_US_W # 73551814.2

# Exhibit B

# CONSENT AND CLAIM FORM

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, **1:09-cv-3528-JEC**

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM, WITHOUT MODIFICATION, IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CONSENT AND CLAIM FORM.  IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE _____, 2013**, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

MAIL TO:

BellSouth/Lawson Settlement Administrator
c/o  Kurtzman Carson Consultants LLC
P.O. Box ____
_____

Phone number1-800-_____

FAX TO: _____

OR EMAIL TO: _____

## INSTRUCTIONS

1.   You must complete, sign and mail, fax, or email this Consent and Claim Form in order to be eligible for a monetary recovery.  You must include the last four digits of your social security number (which will be kept confidential) in the space provided below.  You will not be eligible for a monetary recovery unless you sign and return, without modification, the Release of Claims (page 3), AND the Arbitration Agreement (pages 4-7).

2.   If you move to a different address or change other forms of contact information such as telephone numbers and email addresses, please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator.

3.   If you wish to challenge the employment data below, you must submit your challenge by _____, 2013.

4.   If you do not complete the Consent and Claim Form in full without modification, including, but not limited to, the Arbitration Agreement, you will not be eligible to receive any monetary recovery.  The Arbitration Agreement is substantially similar to the Arbitration Agreement previously distributed by the Company to all Field Managers on or about December, 2011.

**YOU MUST COMPLETE ALL PAGES OF THE CONSENT AND CLAIM FORM AND SIGN IT FULLY WHERE INDICATED, WITHOUT MODIFICATION.**

Name/Address Changes, if any:

<<Claim Number>>                          _____
<<Name>>                                 _____
<<Address>>                              _____
<<City>>, <<State>> <<Zip Code>>         _____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Home or Cell Phone Number

BellSouth's records show that for at least some of the time period from three years, three months and twenty four days prior to your opt-in date through April 30, 2012, you held one or more of the following positions : 1) Manager Construction & Engineering ("C&E Field Manager"); 2) Manager Network Services in Installation & Maintenance ("I&M Field Manager"); 3) Manager Network Services in U-verse ("U-verse Field Manager"); or 4) Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and that you supervised outside technicians in one of the following titles while holding these position(s):  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician (collectively "the Class Positions").

According to the Company's records, your total number of Compensable Workweeks (i.e., the number of workweeks you received pay for work performed while you were employed in a Class Position during the three years prior to your opt-in date if you opted-in before June 14, 2010, or the three years, three months and twenty four days prior to your opt-in date if you opted-in after June 14, 2010, through April 30, 2012) is: ___.

Based on the settlement formula, the Parties estimate that the gross amount you will receive, prior to applicable tax withholdings, if you file a claim is approximately $_____.

**Note:  The amount you receive could be higher or lower than this estimate.**

## CHALLENGE

*Check one:*

☐ I do not wish to challenge the number of Compensable Workweeks listed above.

☐  I wish to challenge the number of Compensable Workweeks listed above.  I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Workweeks.  I have also included documentary evidence that supports my claim.  I recognize that my claim will not be reviewed without such evidence. I understand that by submitting this challenge, I hereby authorize the parties and the Settlement Administrator to review BellSouth's records and make a determination based on its records and the records I submitted, subject to final determination by the Settlement Administrator.  I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such determinations are final and binding.  I understand that I may contact Class Counsel regarding my challenge, if I wish.

**IF YOU WISH TO CHALLENGE THE NUMBER OF COMPENSABLE WORKWEEKS LISTED ABOVE, YOU MUST SUBMIT THIS CHALLENGE, ALONG WITH THE COMPLETED CONSENT AND CLAIM FORM, ON OR BEFORE _____, 2013 (WITHIN 60 DAYS AFTER THIS FORM WAS MAILED TO YOU).**

*Claim Form*

## RELEASE OF CLAIMS

My signature below constitutes my full and complete release of all known and unknown claims against BellSouth Telecommunications, Inc., and their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in *William Lawson, et al. v. BellSouth Telecommunications, Inc.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:09-cv-3528-JEC ("*Lawson*"), or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final as defined in the Joint Settlement Stipulation, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.  This release does not serve as a waiver of your rights to address any claims arising from or related to events that occur after the date the Settlement becomes Final as defined in the Joint Settlement Stipulation.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

**Substitute IRS Form W-9**

Enter the last four digits of your Social Security Number:  XXX—XX– □ □ □ □

I certify that:

1.  The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and**

3.  I am a U.S. citizen or authorized to work in the U.S.

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated:  _____                    _____

Signature of Employee/Class Member

*Claim Form*

## ARBITRATION AGREEMENT

**Summary**

Under this Arbitration Agreement ("Agreement"), you and the AT&T Company that employs you, or, if you are no longer employed by an AT&T Company, the AT&T Company that most recently employed you, ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation.

**How This Agreement Applies**

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving interstate commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

**Limitations On How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.  In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of April 19, 2012.  Nor does this Agreement apply to any pending alleged or certified class, collective or representative lawsuit that was on file in any federal or state court as of April 19, 2012, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate.  Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).  Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

*Claim Form*

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in: any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute. You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual. If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor. The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration. The Company will supply you with a printed copy of those rules upon your request. Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company. If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (http://www.jamsadr.com/). Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address"). The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought. Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company. Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

*Claim Form*

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party.  Each party also shall have the right to make one request for production of documents to any party.  Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement.  The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism.  Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement.  If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hot Line [telephone number.]

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes.  This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Arbitration Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Arbitration Agreement.  All provisions of this Arbitration Agreement not adjudicated to be void or otherwise unenforceable shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Voluntary Agreement**

– 6 –

*Claim Form*

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE ARBITRATION OF EMPLOYMENT DISPUTES ARE CONTAINED IN IT, THAT IT SUPERSEDES ANY PRIOR AGREEMENTS BETWEEN THE COMPANY AND ME ON THE ARBITRATION OF EMPLOYMENT DISPUTES, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS CONSENT AND CLAIM FORM ITSELF AND THE NOTICE OF CLASS ACTION SETTLEMENT IN *LAWSON*.  I FURTHER ACKNOWLEDGE THAT THE EXECUTION OF THIS AGREEMENT IS A TERM OF THE SETTLEMENT IN *LAWSON* AND THAT THE SETTLEMENT SHARE THAT I AM TO RECEIVE IN *LAWSON* IS CONSIDERATION FOR THIS AGREEMENT.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH CLASS COUNSEL AND WITH PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Employee/Class Member:

_____
Signature of Employee/Class Member

_____
[Insert Name of Class Member/ATTUID]

_____
Date

# Exhibit C

# CONSENT AND CLAIM FORM

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, **1:09-cv-3528-JEC**

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM, WITHOUT MODIFICATION, IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CONSENT AND CLAIM FORM.  IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE _____, 2013**, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

MAIL TO:

BellSouth/Lawson Settlement Administrator
c/o  Kurtzman Carson Consultants LLC
P.O. Box \_\_\_\_
_____

Phone number1-800-_____
FAX TO:  _____
OR EMAIL TO: _____

## INSTRUCTIONS

1. You must complete, sign and mail, fax, or email this Consent and Claim Form in order to be eligible for a monetary recovery.  You must include the last four digits of your social security number (which will be kept confidential) in the space provided below.  You will not be eligible for a monetary recovery unless you sign and return, without modification, the Release of Claims (page 3), the Arbitration Agreement (pages 4-7) AND the Job Duties Document (page 8).

2. If you move to a different address or change other forms of contact information such as telephone numbers and email addresses, please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator.

3. If you wish to challenge the employment data below, you must submit your challenge by _____, 2013.

4. If you do not complete the Consent and Claim Form in full without modification, including, but not limited to, the Arbitration Agreement and Job Duties document, you will not be eligible to receive any monetary recovery.  The Arbitration Agreement is substantially similar to the Arbitration Agreement previously distributed by the Company to all Field Managers on or about December, 2011.

**YOU MUST COMPLETE ALL PAGES OF THE CONSENT AND CLAIM FORM AND SIGN IT FULLY WHERE INDICATED, WITHOUT MODIFICATION.**

*Claim Form*

&lt;&lt;Claim Number&gt;&gt;

&lt;&lt;Name&gt;&gt;

&lt;&lt;Address&gt;&gt;

&lt;&lt;City&gt;&gt;,  &lt;&lt;State&gt;&gt;  &lt;&lt;Zip Code&gt;&gt;

Name/Address Changes, if any:

_____

_____

_____

_____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Home or Cell Phone Number

BellSouth's records show that for at least some of the time period from  three years, three months and twenty four days prior to your opt-in date through April 30, 2012, you held one or more of the following positions :  1) Manager Construction & Engineering ("C&E Field Manager"); 2) Manager Network Services in Installation & Maintenance ("I&M Field Manager"); 3) Manager Network Services in U-verse ("U-verse Field Manager"); or 4) Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and that you supervised outside technicians in one of the following titles while holding these position(s):  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician (collectively "the Class Positions").

According to the Company's records, your total number of Compensable Workweeks (i.e., the number of workweeks you received pay for work performed while you were employed in a Class Position during the three years prior to your opt-in date if you opted-in before June 14, 2010, or the three years, three months and twenty four days prior to your opt-in date if you opted-in after June 14, 2010, through April 30, 2012) is: ___.

Based on the settlement formula, the Parties estimate that the gross amount you will receive, prior to applicable tax withholdings, if you file a claim is approximately $_____.

**Note:  The amount you receive could be higher or lower than this estimate.**

## CHALLENGE

*Check one:*

[ ]   I do not wish to challenge the number of Compensable Workweeks listed above.

[ ]    I wish to challenge the number of Compensable Workweeks listed above.  I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Workweeks.  I have also included documentary evidence that supports my claim.  I recognize that my claim will not be reviewed without such evidence. I understand that by submitting this challenge, I hereby authorize the parties and the Settlement Administrator to review BellSouth's records and make a determination based on its records and the records I submitted, subject to final determination by the Settlement Administrator.  I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such determinations are final and binding.  I understand that I may contact Class Counsel regarding my challenge, if I wish.

**IF YOU WISH TO CHALLENGE THE NUMBER OF COMPENSABLE WORKWEEKS LISTED ABOVE, YOU MUST SUBMIT THIS CHALLENGE, ALONG WITH THE COMPLETED CONSENT AND CLAIM FORM, ON OR BEFORE _____, 2013 (WITHIN 60 DAYS AFTER THIS FORM WAS MAILED TO YOU).**

*Claim Form*

## RELEASE OF CLAIMS

My signature below constitutes my full and complete release of all known and unknown claims against BellSouth Telecommunications, Inc., and their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in *William Lawson, et al. v. BellSouth Telecommunications, Inc.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:09-cv-3528-JEC ("*Lawson*"), or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final as defined in the Joint Settlement Stipulation, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.  This release does not serve as a waiver of your rights to address any claims arising from or related to events that occur after the date the Settlement becomes Final as defined in the Joint Settlement Stipulation.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

| **Substitute IRS Form W-9** |
|---|
| Enter the last four digits of your Social Security Number: **XXX—XX–** ☐ ☐ ☐ ☐ |
| I certify that: |
| 1.  The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, **and** |
| 2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and** |
| 3.  I am a U.S. citizen or authorized to work in the U.S. |
| Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. |
| **The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.** |

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated: _____          _____
                                                        Signature of Employee/Class Member

*Claim Form*

## ARBITRATION AGREEMENT

**Summary**

Under this Arbitration Agreement ("Agreement"), you and the AT&T Company that employs you, or, if you are no longer employed by an AT&T Company, the AT&T Company that most recently employed you, ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation.

**How This Agreement Applies**

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving interstate commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

**Limitations On How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.  In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of April 19, 2012.  Nor does this Agreement apply to any pending alleged or certified class, collective or representative lawsuit that was on file in any federal or state court as of April 19, 2012, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate.  Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).  Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

*Claim Form*

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in:  any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute.  You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual.  If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor.  The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  The Company will supply you with a printed copy of those rules upon your request.  Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply.  The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company.  If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (http://www.jamsadr.com).  Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address").  The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought.  Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company.  Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any.  However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

*Claim Form*

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party. Each party also shall have the right to make one request for production of documents to any party. Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement. The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism. Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hot Line [telephone number.]

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Arbitration Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Arbitration Agreement. All provisions of this Arbitration Agreement not adjudicated to be void or otherwise unenforceable shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Voluntary Agreement**

*Claim Form*

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE ARBITRATION OF EMPLOYMENT DISPUTES ARE CONTAINED IN IT, THAT IT SUPERSEDES ANY PRIOR AGREEMENTS BETWEEN THE COMPANY AND ME ON THE ARBITRATION OF EMPLOYMENT DISPUTES, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS CONSENT AND CLAIM FORM ITSELF AND THE NOTICE OF CLASS ACTION SETTLEMENT IN *LAWSON*.  I FURTHER ACKNOWLEDGE THAT THE EXECUTION OF THIS AGREEMENT IS A TERM OF THE SETTLEMENT IN *LAWSON* AND THAT THE SETTLEMENT SHARE THAT I AM TO RECEIVE IN *LAWSON* IS CONSIDERATION FOR THIS AGREEMENT.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH CLASS COUNSEL AND WITH PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Employee/Class Member:

_____
Signature of Employee/Class Member

_____
[Insert Name of Class Member/ATTUID]

_____
Date

**Job Duties**

**Manager Construction & Engineering**

I, [Insert Class Member Name/ATTUID], hereby affirm that in my role as a Manager Construction & Engineering, I am responsible for performing the following job duties:

I manage teams of two or more technicians that are responsible for day-to-day construction activities such as the placing, splicing, rearrangement, and removal of outside plant facilities. I identify and remove roadblocks to safe and efficient performance by technicians. I ensure that work processes, standards, and the master plan are in conformance, and that schedules are adhered to.

I coordinate with planning and scheduling organizations regarding the deadline and scope of work for construction projects. I plan and assign work to technicians. I monitor the status of technician work assignments to ensure safety, quality, and compliance with established deadlines and revise assignments as necessary to meet those goals. I authorize technicians to work incidental overtime where appropriate.

I review technician performance and provide feedback and coaching to technicians designed to address performance issues. I assess technician motivation and skill proficiency and act to ensure that both meet expectations. Where necessary, I develop individual action plans and/or performance improvement plans to address performance deficiencies. Where necessary, I administer discipline where performance deficiencies are not remedied by plans.

I conduct safety and quality inspections to ensure high quality and safe performance by technicians. Where necessary, I investigate safety violations, including motor vehicle accidents, and administer discipline to technicians where accidents are preventable or other safety violations have occurred.

I ensure customer satisfaction through management of technician performance, receiving and resolving customer complaints, and effective utilization of customer feedback tools.

I interact with local union officials on a wide range of issues related to the technicians I supervise. I receive technician grievances, and where necessary, conduct step one grievance hearings, and resolve technician grievances at the step one level as appropriate.

I am responsible for ensuring that technicians receive appropriate training. I provide on-the-job training to technicians directly or through assigned mentoring relationships between technicians. I ensure technicians receive required formal training and facilitate additional formal training as necessary.

I ensure technician compliance with company rules and policies, including, among others, the Code of Business Conduct and attendance policies. Where necessary, I administer discipline to technicians and am expected to make recommendations concerning long-term suspensions or terminations of technicians.

I agree that the above duties are my most important duties and that the time I spend on these duties is greater than 50% of my work time. In performing these duties, I regularly compare and evaluate different courses of action before ultimately making a decision on how to proceed. In doing so, I exercise independent judgment and discretion.

Dated: _____          _____
                                    Signature of Employee/Class Member

# Exhibit D

# CONSENT AND CLAIM FORM

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, **1:09-cv-3528-JEC**

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM, WITHOUT MODIFICATION, IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CONSENT AND CLAIM FORM.  IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE _____, 2013**, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

MAIL TO:

BellSouth/Lawson Settlement Administrator
c/o  Kurtzman Carson Consultants LLC
P.O. Box ____
_____

Phone number1-800-_____
FAX TO:  _____
OR EMAIL TO: _____

## INSTRUCTIONS

1.  You must complete, sign and mail, fax, or email this Consent and Claim Form in order to be eligible for a monetary recovery.  You must include the last four digits of your social security number (which will be kept confidential) in the space provided below.  You will not be eligible for a monetary recovery unless you sign and return, without modification, the Release of Claims (page 3), the Arbitration Agreement (pages 4-7) AND the Job Duties Document (page 8).

2.  If you move to a different address or change other forms of contact information such as telephone numbers and email addresses, please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator.

3.  If you wish to challenge the employment data below, you must submit your challenge by _____, 2013.

4.  If you do not complete the Consent and Claim Form in full without modification, including, but not limited to, the Arbitration Agreement and Job Duties document, you will not be eligible to receive any monetary recovery.  The Arbitration Agreement is substantially similar to the Arbitration Agreement previously distributed by the Company to all Field Managers on or about December, 2011.

**YOU MUST COMPLETE ALL PAGES OF THE CONSENT AND CLAIM FORM AND SIGN IT FULLY WHERE INDICATED, WITHOUT MODIFICATION.**

*Claim Form*

<<Claim Number>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip Code>>

Name/Address Changes, if any:

_____
_____
_____
_____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Home or Cell Phone Number

BellSouth's records show that for at least some of the time period from  three years, three months and twenty four days prior to your opt-in date through April 30, 2012, you held one or more of the following positions :  1) Manager Construction & Engineering ("C&E Field Manager"); 2) Manager Network Services in Installation & Maintenance ("I&M Field Manager"); 3) Manager Network Services in U-verse ("U-verse Field Manager"); or 4) Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and that you supervised outside technicians in one of the following titles while holding these position(s):  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician (collectively "the Class Positions").

According to the Company's records, your total number of Compensable Workweeks (i.e., the number of workweeks you received pay for work performed while you were employed in a Class Position during the three years prior to your opt-in date if you opted-in before June 14, 2010, or the three years, three months and twenty four days prior to your opt-in date if you opted-in after June 14, 2010, through April 30, 2012) is: ___.

Based on the settlement formula, the Parties estimate that the gross amount you will receive, prior to applicable tax withholdings, if you file a claim is approximately $_____.

**Note:  The amount you receive could be higher or lower than this estimate.**

## CHALLENGE

*Check one:*

☐ I do not wish to challenge the number of Compensable Workweeks listed above.

☐  I wish to challenge the number of Compensable Workweeks listed above.  I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Workweeks.  I have also included documentary evidence that supports my claim.  I recognize that my claim will not be reviewed without such evidence. I understand that by submitting this challenge, I hereby authorize the parties and the Settlement Administrator to review BellSouth's records and make a determination based on its records and the records I submitted, subject to final determination by the Settlement Administrator.  I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such determinations are final and binding.  I understand that I may contact Class Counsel regarding my challenge, if I wish.

**IF YOU WISH TO CHALLENGE THE NUMBER OF COMPENSABLE WORKWEEKS LISTED ABOVE, YOU MUST SUBMIT THIS CHALLENGE, ALONG WITH THE COMPLETED CONSENT AND CLAIM FORM, ON OR BEFORE _____, 2013 (WITHIN 60 DAYS AFTER THIS FORM WAS MAILED TO YOU).**

*Claim Form*

## RELEASE OF CLAIMS

My signature below constitutes my full and complete release of all known and unknown claims against BellSouth Telecommunications, Inc., and their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in *William Lawson, et al. v. BellSouth Telecommunications, Inc.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:09-cv-3528-JEC ("*Lawson*"), or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final as defined in the Joint Settlement Stipulation, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.  This release does not serve as a waiver of your rights to address any claims arising from or related to events that occur after the date the Settlement becomes Final as defined in the Joint Settlement Stipulation.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

<table>
<tr><td colspan="2"><b>Substitute IRS Form W-9</b></td></tr>
<tr><td>Enter the last four digits of your Social Security Number:</td><td>XXX—XX– □ □ □ □</td></tr>
<tr><td colspan="2">I certify that:</td></tr>
<tr><td colspan="2">1.  The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, <b>and</b></td></tr>
<tr><td colspan="2">2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; <b>and</b></td></tr>
<tr><td colspan="2">3.  I am a U.S. citizen or authorized to work in the U.S.</td></tr>
<tr><td colspan="2">Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.</td></tr>
<tr><td colspan="2"><b>The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.</b></td></tr>
</table>

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated: _____          _____

                                          Signature of Employee/Class Member

## ARBITRATION AGREEMENT

### Summary

Under this Arbitration Agreement ("Agreement"), you and the AT&T Company that employs you, or, if you are no longer employed by an AT&T Company, the AT&T Company that most recently employed you, ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation.

### How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving interstate commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

### Limitations On How This Agreement Applies

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.  In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of April 19, 2012.  Nor does this Agreement apply to any pending alleged or certified class, collective or representative lawsuit that was on file in any federal or state court as of April 19, 2012, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate.  Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).  Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

*Claim Form*

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in:  any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute.  You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual.  If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor.  The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  The Company will supply you with a printed copy of those rules upon your request.  Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply.  The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company.  If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (http://www.jamsadr.com/). Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address"). The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought.  Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company.  Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any.  However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

– 5 –

*Claim Form*

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party.  Each party also shall have the right to make one request for production of documents to any party.  Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement.  The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism.  Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement.  If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hot Line [telephone number.]

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes.  This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Arbitration Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Arbitration Agreement.  All provisions of this Arbitration Agreement not adjudicated to be void or otherwise unenforceable shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Voluntary Agreement**

– 6 –

*Claim Form*

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE ARBITRATION OF EMPLOYMENT DISPUTES ARE CONTAINED IN IT, THAT IT SUPERSEDES ANY PRIOR AGREEMENTS BETWEEN THE COMPANY AND ME ON THE ARBITRATION OF EMPLOYMENT DISPUTES, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS CONSENT AND CLAIM FORM ITSELF AND THE NOTICE OF CLASS ACTION SETTLEMENT IN *LAWSON*.  I FURTHER ACKNOWLEDGE THAT THE EXECUTION OF THIS AGREEMENT IS A TERM OF THE SETTLEMENT IN *LAWSON* AND THAT THE SETTLEMENT SHARE THAT I AM TO RECEIVE IN *LAWSON* IS CONSIDERATION FOR THIS AGREEMENT.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH CLASS COUNSEL AND WITH PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Employee/Class Member:

_____
Signature of Employee/Class Member


_____
[Insert Name of Class Member/ATTUID]


_____
Date

**Job Duties**

**Manager Network Services (Installation & Maintenance)**

I, [Insert Class Member Name/ATTUID], hereby affirm that in my role as a Manager Network Services in the Installation & Maintenance ("I&M") organization, I am responsible for performing the following job duties:

I manage teams of two or more technicians who engage in installation and maintenance activities at customer sites or company locations for POTS, Specials Services, Designed Services, or Data Services.  I am responsible for coaching, leading, and developing the technicians that report to me.  I identify and remove roadblocks to ensure safe and efficient performance by technicians.

I work with the Dispatch Center to ensure that work is effectively assigned to technicians.  I monitor the status of technician workload to ensure safety, quality, and compliance with established deadlines and revise assignments as necessary to meet those goals.  I authorize technicians to work incidental overtime where appropriate.

I review technician performance and provide feedback and coaching to technicians designed to address performance issues.  I assess technician motivation and skill proficiency and act to ensure that both meet expectations.  Where necessary, I develop individual action plans and/or performance improvement plans to address performance deficiencies.  Where necessary, I administer discipline where performance deficiencies are not remedied by plans.

I conduct safety and quality inspections to ensure high quality and safe performance by technicians.  Where necessary, I investigate safety violations, including motor vehicle accidents, and administer discipline to technicians where accidents are preventable or other safety violations have occurred.

I ensure customer satisfaction through management of technician performance, receiving and resolving customer complaints, and effective utilization of customer feedback tools.

I interact with local union officials on a wide range of issues related to the technicians I supervise.  I receive technician grievances, and where necessary, conduct step one grievance hearings, and resolve technician grievances at the step one level as appropriate.

I am responsible for ensuring that technicians receive appropriate training.  I provide on-the-job training to technicians directly or through assigned mentoring relationships between technicians.  I ensure technicians receive required formal training and facilitate additional formal training as necessary.

I ensure technician compliance with company rules and policies, including, among others, the Code of Business Conduct and attendance policies.  Where necessary, I administer discipline to technicians and am expected to make recommendations concerning long-term suspensions or terminations of technicians.

I agree that the above duties are my most important duties and that the time I spend on these duties is greater than 50% of my work time.  In performing these duties, I regularly compare and evaluate different courses of action before ultimately making a decision on how to proceed.  In doing so, I exercise independent judgment and discretion.

Dated: _____               _____
                                                              Signature of Employee/Class Member

LEGAL_US_W # 74178869.1

*Claim Form*

# Exhibit E

# CONSENT AND CLAIM FORM

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, **1:09-cv-3528-JEC**

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM, WITHOUT MODIFICATION, IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CONSENT AND CLAIM FORM.  IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE _____, 2013**, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

MAIL TO:

BellSouth/Lawson Settlement Administrator
c/o  Kurtzman Carson Consultants LLC
P.O. Box ____
_____

Phone number1-800-_____

FAX TO:  _____

OR EMAIL TO: _____

## INSTRUCTIONS

1.  You must complete, sign and mail, fax, or email this Consent and Claim Form in order to be eligible for a monetary recovery.  You must include the last four digits of your social security number (which will be kept confidential) in the space provided below.  You will not be eligible for a monetary recovery unless you sign and return, without modification, the Release of Claims (page 3), the Arbitration Agreement (pages 4-7) AND the Job Duties Document (page 8).

2.  If you move to a different address or change other forms of contact information such as telephone numbers and email addresses, please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator.

3.  If you wish to challenge the employment data below, you must submit your challenge by _____, 2013.

4.  If you do not complete the Consent and Claim Form in full without modification, including, but not limited to, the Arbitration Agreement and Job Duties document, you will not be eligible to receive any monetary recovery.  The Arbitration Agreement is substantially similar to the Arbitration Agreement previously distributed by the Company to all Field Managers on or about December, 2011.

**YOU MUST COMPLETE ALL PAGES OF THE CONSENT AND CLAIM FORM AND SIGN IT FULLY WHERE INDICATED, WITHOUT MODIFICATION.**

<<Claim Number>>                          Name/Address Changes, if any:
<<Name>>                                  _____
<<Address>>                               _____
<<City>>,  <<State>>  <<Zip Code>>        _____
                                          _____

( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____
Home or Cell Phone Number

BellSouth's records show that for at least some of the time period from  three years, three months and twenty four days prior to your opt-in date through April 30, 2012, you held one or more of the following positions : 1) Manager Construction & Engineering ("C&E Field Manager"); 2) Manager Network Services in Installation & Maintenance ("I&M Field Manager"); 3) Manager Network Services in U-verse ("U-verse Field Manager"); or 4) Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and that you supervised outside technicians in one of the following titles while holding these position(s):  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician (collectively "the Class Positions").

According to the Company's records, your total number of Compensable Workweeks (i.e., the number of workweeks you received pay for work performed while you were employed in a Class Position during the three years prior to your opt-in date if you opted-in before June 14, 2010, or the three years, three months and twenty four days prior to your opt-in date if you opted-in after June 14, 2010, through April 30, 2012) is: ___.

Based on the settlement formula, the Parties estimate that the gross amount you will receive, prior to applicable tax withholdings, if you file a claim is approximately $_____.

**Note:  The amount you receive could be higher or lower than this estimate.**

## CHALLENGE

*Check one:*

☐  I do not wish to challenge the number of Compensable Workweeks listed above.

☐   I wish to challenge the number of Compensable Workweeks listed above.  I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Workweeks.  I have also included documentary evidence that supports my claim.  I recognize that my claim will not be reviewed without such evidence. I understand that by submitting this challenge, I hereby authorize the parties and the Settlement Administrator to review BellSouth's records and make a determination based on its records and the records I submitted, subject to final determination by the Settlement Administrator.  I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such determinations are final and binding.  I understand that I may contact Class Counsel regarding my challenge, if I wish.

**IF YOU WISH TO CHALLENGE THE NUMBER OF COMPENSABLE WORKWEEKS LISTED ABOVE, YOU MUST SUBMIT THIS CHALLENGE, ALONG WITH THE COMPLETED CONSENT AND CLAIM FORM, ON OR BEFORE _____, 2013 (WITHIN 60 DAYS AFTER THIS FORM WAS MAILED TO YOU).**

– 2 –

*Claim Form*

## RELEASE OF CLAIMS

My signature below constitutes my full and complete release of all known and unknown claims against BellSouth Telecommunications, Inc., and their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in *William Lawson, et al. v. BellSouth Telecommunications, Inc.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:09-cv-3528-JEC ("*Lawson*"), or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final as defined in the Joint Settlement Stipulation, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.  This release does not serve as a waiver of your rights to address any claims arising from or related to events that occur after the date the Settlement becomes Final as defined in the Joint Settlement Stipulation.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

---

**Substitute IRS Form W-9**

Enter the last four digits of your Social Security Number:  XXX—XX– ☐ ☐ ☐ ☐

I certify that:

1. The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and**

3. I am a U.S. citizen or authorized to work in the U.S.

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated: _____          _____

Signature of Employee/Class Member

*Claim Form*

## ARBITRATION AGREEMENT

**Summary**

Under this Arbitration Agreement ("Agreement"), you and the AT&T Company that employs you, or, if you are no longer employed by an AT&T Company, the AT&T Company that most recently employed you, ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation.

**How This Agreement Applies**

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving interstate commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

**Limitations On How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.  In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of April 19, 2012.  Nor does this Agreement apply to any pending alleged or certified class, collective or representative lawsuit that was on file in any federal or state court as of April 19, 2012, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate.  Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).  Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

*Claim Form*

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in:  any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute.  You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual.  If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor.  The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  The Company will supply you with a printed copy of those rules upon your request.  Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply.  The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company.  If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (http://www.jamsadr.com).  Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address"). The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought.  Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company.  Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any.  However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

*Claim Form*

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party.  Each party also shall have the right to make one request for production of documents to any party.  Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement.  The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism.  Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement.  If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hot Line [telephone number.]

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes.  This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Arbitration Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Arbitration Agreement.  All provisions of this Arbitration Agreement not adjudicated to be void or otherwise unenforceable shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Voluntary Agreement**

*Claim Form*

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE ARBITRATION OF EMPLOYMENT DISPUTES ARE CONTAINED IN IT, THAT IT SUPERSEDES ANY PRIOR AGREEMENTS BETWEEN THE COMPANY AND ME ON THE ARBITRATION OF EMPLOYMENT DISPUTES, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS CONSENT AND CLAIM FORM ITSELF AND THE NOTICE OF CLASS ACTION SETTLEMENT IN *LAWSON*.  I FURTHER ACKNOWLEDGE THAT THE EXECUTION OF THIS AGREEMENT IS A TERM OF THE SETTLEMENT IN *LAWSON* AND THAT THE SETTLEMENT SHARE THAT I AM TO RECEIVE IN *LAWSON* IS CONSIDERATION FOR THIS AGREEMENT.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH CLASS COUNSEL AND WITH PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Employee/Class Member:

_____
Signature of Employee/Class Member

_____
[Insert Name of Class Member/ATTUID]

_____
Date

*Claim Form*

**Job Duties**

**Manager Network Services (U-verse)**

I, [Insert Class Member Name/ATTUID], hereby affirm that in my role as a Manager Network Services in the U-verse organization, I am responsible for performing the following job duties:

I manage teams of two or more technicians who install, rearrange, remove, and/or repair station inside wiring terminals in connection with U-Verse services.  I am also responsible for managing the installation, repair, and testing of network terminating equipment at customer premises and handle customer escalations, interact with other work groups to ensure timely resolution of service issues, and lead service improvement teams as assigned.  I am responsible for coaching, leading, and developing the technicians that report to me.  I identify and remove roadblocks to ensure safe and efficient performance by technicians.

I work with the Dispatch Center to ensure that work is effectively assigned to technicians.  I monitor the status of the technician workload to ensure safety, quality, and compliance with established deadlines and revise assignments as necessary to meet those goals.  I authorize technicians to work incidental overtime where appropriate.

I review technician performance and provide feedback and coaching to technicians designed to address performance issues.  I assess technician motivation and skill proficiency and act to ensure that both meet expectations.  Where necessary, I develop individual action plans and/or performance improvement plans to address performance deficiencies.  Where necessary, I administer discipline where performance deficiencies are not remedied by plans.

I conduct safety and quality inspections to ensure high quality and safe performance by technicians.  Where necessary, I investigate safety violations, including motor vehicle accidents, and administer discipline to technicians where accidents are preventable or other safety violations have occurred.

I ensure customer satisfaction through management of technician performance, receiving and resolving customer complaints, and effective utilization of customer feedback tools.

I interact with local union officials on a wide range of issues related to the technicians I supervise.  I receive technician grievances, and where necessary, conduct step one grievance hearings, and resolve technician grievances at the step one level as appropriate.

I am responsible for ensuring that technicians receive appropriate training.  I provide on-the-job training to technicians directly or through assigned mentoring relationships between technicians.  I ensure technicians receive required formal training and facilitate additional formal training as necessary.

I ensure technician compliance with company rules and policies, including, among others, the Code of Business Conduct and attendance policies.  Where necessary, I administer discipline to technicians and am expected to make recommendations concerning long-term suspensions or terminations of technicians.

I agree that the above duties are my most important duties and that the time I spend on these duties is greater than 50% of my work time.  In performing these duties, I regularly compare and evaluate different courses of action before ultimately making a decision on how to proceed.  In doing so, I exercise independent judgment and discretion.

Dated:  _____                  _____
                                                     Signature of Employee/Class Member

LEGAL_US_W # 74178910.1

*Claim Form*

# Exhibit F

# CONSENT AND CLAIM FORM

*William Lawson, et al. v. BellSouth Telecomm., Inc.*, **1:09-cv-3528-JEC**

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM, WITHOUT MODIFICATION, IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CONSENT AND CLAIM FORM.  IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE _____, 2013**, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

> MAIL TO:
>
> BellSouth/Lawson Settlement Administrator
> c/o  Kurtzman Carson Consultants LLC
> P.O. Box ____
> _____
>
> Phone number1-800-_____
> FAX TO:  _____
> OR EMAIL TO: _____

## INSTRUCTIONS

1.  You must complete, sign and mail, fax, or email this Consent and Claim Form in order to be eligible for a monetary recovery.  You must include the last four digits of your social security number (which will be kept confidential) in the space provided below.  You will not be eligible for a monetary recovery unless you sign and return, without modification, the Release of Claims (page 3), the Arbitration Agreement (pages 4-7) AND the Job Duties Document (page 8).

2.  If you move to a different address or change other forms of contact information such as telephone numbers and email addresses, please send the Settlement Administrator your new contact information.  It is your responsibility to keep current contact information on file with the Settlement Administrator.

3.  If you wish to challenge the employment data below, you must submit your challenge by _____, 2013.

4.  If you do not complete the Consent and Claim Form in full without modification, including, but not limited to, the Arbitration Agreement and Job Duties document, you will not be eligible to receive any monetary recovery.  The Arbitration Agreement is substantially similar to the Arbitration Agreement previously distributed by the Company to all Field Managers on or about December, 2011.

**YOU MUST COMPLETE ALL PAGES OF THE CONSENT AND CLAIM FORM AND SIGN IT FULLY WHERE INDICATED, WITHOUT MODIFICATION.**

*Claim Form*

<<Claim Number>>                          Name/Address Changes, if any:
<<Name>>                                  _____
<<Address>>                               _____
<<City>>,  <<State>>  <<Zip Code>>        _____
                                          _____

( ___  ___  ___ ) ___  ___  ___ - ___  ___  ___  ___
Home or Cell Phone Number

BellSouth's records show that for at least some of the time period from  three years, three months and twenty four days prior to your opt-in date through April 30, 2012, you held one or more of the following positions :  1) Manager Construction & Engineering ("C&E Field Manager"); 2) Manager Network Services in Installation & Maintenance ("I&M Field Manager"); 3) Manager Network Services in U-verse ("U-verse Field Manager"); or 4) Manager Network Services in Global Network Field Operations ("GNFO Field Manager") and that you supervised outside technicians in one of the following titles while holding these position(s):  Network Technical Specialist, Network Technical Specialist-G, Digital Technician, Facility Technician, Machine Operator, Outside Plant Technician, Premise Technician, Wire Technician and Services Technician (collectively "the Class Positions").

According to the Company's records, your total number of Compensable Workweeks (i.e., the number of workweeks you received pay for work performed while you were employed in a Class Position during the three years prior to your opt-in date if you opted-in before June 14, 2010, or the three years, three months and twenty four days prior to your opt-in date if you opted-in after June 14, 2010, through April 30, 2012) is: ___.

Based on the settlement formula, the Parties estimate that the gross amount you will receive, prior to applicable tax withholdings, if you file a claim is approximately $_____.

**Note:  The amount you receive could be higher or lower than this estimate.**

## CHALLENGE

*Check one:*

☐  I do not wish to challenge the number of Compensable Workweeks listed above.

☐   I wish to challenge the number of Compensable Workweeks listed above.  I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Workweeks.  I have also included documentary evidence that supports my claim.  I recognize that my claim will not be reviewed without such evidence.  I understand that by submitting this challenge, I hereby authorize the parties and the Settlement Administrator to review BellSouth's records and make a determination based on its records and the records I submitted, subject to final determination by the Settlement Administrator.  I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such determinations are final and binding.  I understand that I may contact Class Counsel regarding my challenge, if I wish.

**IF YOU WISH TO CHALLENGE THE NUMBER OF COMPENSABLE WORKWEEKS LISTED ABOVE, YOU MUST SUBMIT THIS CHALLENGE, ALONG WITH THE COMPLETED CONSENT AND CLAIM FORM, ON OR BEFORE _____, 2013 (WITHIN 60 DAYS AFTER THIS FORM WAS MAILED TO YOU).**

*Claim Form*

## RELEASE OF CLAIMS

My signature below constitutes my full and complete release of all known and unknown claims against BellSouth Telecommunications, Inc., and their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims Class Members may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law, and any other wage-and-hour or related claims that were or could have been alleged in *William Lawson, et al. v. BellSouth Telecommunications, Inc.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:09-cv-3528-JEC ("*Lawson*"), or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2006, up to and including the date the Settlement becomes Final as defined in the Joint Settlement Stipulation, whether arising under state wage and hour laws; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law.  Released Claims do not include claims that are not of a wage-and-hour or related nature, such as discrimination claims.  This release does not serve as a waiver of your rights to address any claims arising from or related to events that occur after the date the Settlement becomes Final as defined in the Joint Settlement Stipulation.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

---

**Substitute IRS Form W-9**

Enter the last four digits of your Social Security Number:   XXX—XX–  ☐ ☐ ☐ ☐

I certify that:

1. The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and**

3. I am a U.S. citizen or authorized to work in the U.S.

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated: _____          _____

Signature of Employee/Class Member

*Claim Form*

## ARBITRATION AGREEMENT

**Summary**

Under this Arbitration Agreement ("Agreement"), you and the AT&T Company that employs you, or, if you are no longer employed by an AT&T Company, the AT&T Company that most recently employed you, ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation.

**How This Agreement Applies**

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving interstate commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

**Limitations On How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.  In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of April 19, 2012.  Nor does this Agreement apply to any pending alleged or certified class, collective or representative lawsuit that was on file in any federal or state court as of April 19, 2012, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate.  Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).  Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

*Claim Form*

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in:  any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute.  You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual.  If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor.  The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  The Company will supply you with a printed copy of those rules upon your request.  Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply.  The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company.  If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (http://www.jamsadr.com).  Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address"). The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought.  Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company.  Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any.  However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

– 5 –

*Claim Form*

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party.  Each party also shall have the right to make one request for production of documents to any party.  Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement.  The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism.  Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement.  If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hot Line [telephone number.]

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes.  This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Arbitration Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Arbitration Agreement.  All provisions of this Arbitration Agreement not adjudicated to be void or otherwise unenforceable shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Voluntary Agreement**

*Claim Form*

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE ARBITRATION OF EMPLOYMENT DISPUTES ARE CONTAINED IN IT, THAT IT SUPERSEDES ANY PRIOR AGREEMENTS BETWEEN THE COMPANY AND ME ON THE ARBITRATION OF EMPLOYMENT DISPUTES, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS CONSENT AND CLAIM FORM ITSELF AND THE NOTICE OF CLASS ACTION SETTLEMENT IN *LAWSON*.  I FURTHER ACKNOWLEDGE THAT THE EXECUTION OF THIS AGREEMENT IS A TERM OF THE SETTLEMENT IN *LAWSON* AND THAT THE SETTLEMENT SHARE THAT I AM TO RECEIVE IN *LAWSON* IS CONSIDERATION FOR THIS AGREEMENT.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH CLASS COUNSEL AND WITH PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Employee/Class Member:


_____
Signature of Employee/Class Member


_____
[Insert Name of Class Member/ATTUID]


_____
Date

**Job Duties**

**Manager Network Services (GNFO)**

I, [Insert Class Member Name/ATTUID], hereby affirm that in my role as a Manager Network Services in the Global Network Field Organization ("GNFO"), I am responsible for performing the following job duties:

I manage teams of two or more technicians. At least one of those technicians repairs and maintains the infrastructure for the provision of long-distance telephone service through wirelines, cable routes, microwave transmission towers, and other methods. I also develop procedures for the installation, rearrangement and changes of activity of network equipment.

I am responsible for coaching, leading, and developing the technicians that report to me. I identify and remove roadblocks to ensure safe and efficient performance by technicians. I monitor the status of technician workload to ensure safety, quality, and compliance with established deadlines and revise assignments as necessary to meet those goals. I authorize technicians to work incidental overtime where appropriate.

I review technician performance and provide feedback and coaching to technicians designed to address performance issues. I assess technician motivation and skill proficiency and act to ensure that both meet expectations. Where necessary, I develop individual action plans and/or performance improvement plans to address performance deficiencies. Where necessary, I administer discipline where performance deficiencies are not remedied by plans.

I conduct safety and quality inspections to ensure high quality and safe performance by technicians. Where necessary, I investigate safety violations, including motor vehicle accidents, and administer discipline to technicians where accidents are preventable or other safety violations have occurred.

I ensure customer satisfaction through management of technician performance, receiving and resolving customer complaints, and effective utilization of customer feedback tools.

I interact with local union officials on a wide range of issues related to the technicians I supervise. I receive technician grievances, and where necessary, conduct step one grievance hearings, and resolve technician grievances at the step one level as appropriate.

I am responsible for ensuring that technicians receive appropriate training. I provide on-the-job training to technicians directly or through assigned mentoring relationships between technicians. I ensure technicians receive required formal training and facilitate additional formal training as necessary.

I ensure technician compliance with company rules and policies, including, among others, the Code of Business Conduct and attendance policies. Where necessary, I administer discipline to technicians and am expected to make recommendations concerning long-term suspensions or terminations of technicians.

I agree that the above duties are my most important duties and that the time I spend on these duties is greater than 50% of my work time. In performing these duties, I regularly compare and evaluate different courses of action before ultimately making a decision on how to proceed. In doing so, I exercise independent judgment and discretion.

Dated: _____           _____
                                 Signature of Employee/Class Member

LEGAL_US_W # 74178937.1

*Claim Form*

# Exhibit G

*William Lawson et al. v. BellSouth Telecomm., Inc.,* **1:09-cv-3528-JEC**

**JOINT STIPULATION OF SETTLEMENT**

**EXHIBIT G**

| LAST NAME | FIRST NAME |
|-----------|------------|
| DOWNING | JUSTIN |
| FOX | THOMAS |
| COUNTS | ROSEMARY |
| WALTON | DAVID |
| LUKE | GREGORY |
| JOHNSON | DONNAL |
| BUCKLEY | LINDA |
| STOCKLEY | EDWARD |
| RACZKOWSKI | WILLIAM |
| HECHE | DAVID |
| LAFRANCE | DENNIS |
| BORCHETTA | ALBERT |
| OLLAYOS | BRUCE |
| DENNY | THOMAS |
| CARAVELLO | CARMELA |
| KNIGHT | JOEL |
| DEVITA | JOHN |
| GONZALEZ | JORGE |
| ERKER | WAYNE |
| WENDT | KENNY |
| JORGENSEN | LOUIS |
| STRAIT | JAMES |
| MARINO | MICHAEL |
| TRIMARCHE | SANTO |
| BOURDON | DENIS |
| FARRUGGIO | DINO |
| GARVEY | KEVIN |
| SPENCELEY | ROBERT |
| DEALECIO | GUILLERMO |
| HYATT | WILLIAM |
| CAPPO | FRANK |
| WALSH | JAMES |
| MOORE | KEVIN |
| JOHNSON | ARTHUR |
| SANTERRE | VINCENT |

| | |
|---|---|
| JAHNKE | WALTER |
| NORD | JOHN |
| JORDAN | FREDERICK |
| BROWN | KEVIN |
| VAN EMMERIK | BRIAN |
| PINARD | JAMIE |
| IMPARATO | JOSEPH |
| SCOFIELD | TIMOTHY |
| MATHESON | BARNEY |
| SMITH | WADE |
| MCHALE | MICHAEL |
| SCHROEDER | CHRISTOPHER |
| MEINHARDT | KEITH |
| MILLS | JAMES |
| NUNEZ | LAZARO |
| DURAN | JAIME |
| TRIPODI | JOSEPH |
| WANKO | GREGORY |
| ZICARELLI | JOSEPH |
| AUBIN | RAYMOND |
| ROGERS | SHARON |
| MARTIN | LEMUEL |
| REILLY | KENNETH |
| ONATE | ALEX |
| DECESARE | ERIC |
| CRUSEMIRE | THOMAS |
| CROUSE | ROBERT |
| QUINETTE | JEFFREY |
| AMMONS | WILLIAM |
| KIEFFER | JACK |
| EVANS | ROBERT |
| PETERSEN | DAVID |
| RHODES | DOUGLAS |
| SUTCLIFFE | WILLIAM |
| DIXSON | JAMES |
| BLEVINS | VERNIE |
| BOLES | MARK |
| BROWN | CHARLIE |
| LANDERS | TIMOTHY |
| BIRCH | SCOTT |
| FOX | RONNIE |
| BARRETT | BRIAN |
| MASSEY | THOMAS |
| CHANDLER | LARRY |

| | |
|---|---|
| MADDOX | STRICKLAND |
| BARBER | TRAVIS |
| HARRELL | RICHARD |
| CAMPBELL | JASON |
| ARGO | JERRY |
| EVANS | THOMAS |
| SUMMERVILLE | ROGER |
| HOLMAN | WILFORD |
| DUNCAN | ROBERT |
| HAIDER | MARKUS |
| MCMILLAN | WILLIAM |
| AYERS | KENNETH |
| LIVELY | SCOTT |
| PARRISH | DWIGHT |
| MASTROGIANAKIS | GEORGE |
| POOLE | JAMES |
| SMITH | GRANT |
| BRANTON | KEVIN |
| MELTON | DONALD |
| KENNEDY | WILLIAM |
| HAYES | CHARLES |
| STUART | ST.JOHN |
| BURRIS | WILLIE |
| MULLIS | TED |
| KINSLAND | JEFFREY |
| LOVINS | CHARLES |
| RAYFIELD | TERRY |
| BOLING | JAMES |
| MCKNIGHT | ADAM |
| KALE | JOSEPH |
| WHITEHEAD | ROY |
| BEAM | WILLIAM |
| CLARK | KENNETH |
| JOHNSON | ROBERT |
| RADFORD | WILLIAM |
| WAKEFIELD | DONAVON |
| WEST | TERRY |
| BROWN | WILLIAM |
| BALL | WALTER |
| MCWHIRTER | JEFFREY |
| HILL | LEONARD |
| BATSON | RONALD |
| DOAN | BYRON |
| BUMGARNER | WILLIAM |

| | |
|---|---|
| HILL | JERRY |
| HAWES | BENNIE |
| COOK | ALVIN |
| PHILLIPS | ANITA |
| KEA | JAMES |
| LOWE | ELIZABETH |
| GRIGG | STEPHEN |
| EARNEST | ROY |
| YOUNG | DAVID |
| LAYE | BOBBY |
| SALLEY | LYNN |
| HILLER | KENNETH |
| BERRY | KEVIN |
| ELLENBURG | JAMES |
| DOZIER | JAMES |
| LOLLIS | GENE |
| MCFARLAND | THOMAS |
| ERB | RICHARD |
| RAINEY | MAO |
| RHYMER | DANIEL |
| PESARO | LICIO |
| LADD | BRIAN |
| SCARBOROUGH | RONALD |
| BENSON | RONNEL |
| GRANT | LONNIE |
| TESTON | KEITH |
| JOHNSON | KATHRYN |
| BOWLING | ANGELA |
| BELL | DAVID |
| LANIER | CRAIG |
| TEAL | JAMES |
| JOHNSON | MICHAEL |
| RAY | AVON |
| TATE | GARY |
| POYTHRESS | WILLIE |
| DIXON | DAVE |
| GOGGINS | ARTEGO |
| CAGLE | JAMES |
| SUMNER | ROY |
| CALLAHAN | MICHAEL |
| SMITH | MARK |
| PILGRIM | JEFFREY |
| WISSING | JAMES |
| DAY | VICTOR |

| | |
|---|---|
| JOHNSON | PHILIP |
| MARTIN | RONNIE |
| THURMOND | JEFFERSON |
| LEE | LYMAN |
| MINICK | MITCHELL |
| ANDERSON | DEREK |
| WARR | ROBERT |
| CRADDOCK | STEPHEN |
| REEVES | REBECCA |
| GREEN | FLORIDA |
| ROWLAND | RONNIE |
| HUNT | JESSIE |
| NORTON | JAMES |
| HEMBREE | RICHARD |
| KING | SCOTT |
| WARREN | WILLIAM |
| GENTRY | KENNETH |
| MISANKO | ANTHONY |
| RICHARD | ALVARIZE |
| ABBOTT | ROBERT |
| REED | ROCK |
| NESMITH | THOMAS |
| THOMAS | HENRY |
| TERRY | JASON |
| PATTERSON | TIMOTHY |
| HILL | HORACE |
| PATTERSON | NORMAN |
| RIDLEY | JASON |
| GANG | KENNETH |
| TYNER | DEAN |
| EDWARDS | COLBY |
| WHITAKER | MICHAEL |
| HARDY | YIRON |
| TAYLOR | MICHAEL |
| WOMACK | KEVIN |
| WILLS | KENNETH |
| RODRIGUEZ | L. MICHAEL |
| WALKER | WILLIE |
| FORD | JOHN |
| MURPHY | JOHN |
| HAYES | MICHAEL |
| LEE | JAMES |
| ONEAL | ALLEN |
| MILLIGAN | BRYAN |

| | |
|---|---|
| MCCLENDON | ANTHONY |
| EXLEY | COREY |
| KUGLAR | JOSEPH |
| MOORE | BOBBY |
| ADAMS | CHARLES |
| MOSLEY | MICHAEL |
| MOSELEY | ROBERT |
| BROWN | CALVIN |
| STANFIELD | MICHAEL |
| SAXON | RANDY |
| SHELL | DENNIS |
| HARDEN | ROBERT |
| HUBBARD | KEITH |
| LEWIS | FRANKLIN |
| VAUGHN | MITCHELL |
| GRIESEL | MICHAEL |
| PARKS | ALAN |
| RAVITA | MICHAEL |
| KITCHENS | RICHARD |
| DAVIS | GARY |
| ROWLAND | GREGORY |
| LEDFORD | TIMOTHY |
| TYNER | ALLENE |
| JOHNSON | TERRANCE |
| BENNETT | LISA |
| HAMILL | BRENT |
| HEIDINGER | ROBERT |
| SHOEMAKER | STONEY |
| ICENHOUR | DAVID |
| WILLIAMS | WALTER |
| ALBRITTON | DALE |
| STONER | RICHARD |
| SIERRA | DEBRA |
| WHEELER | VINCENT |
| BEARDEN | JAMES |
| DARNELL | WADE |
| GUESS | NOLAN |
| CARBOT | FERNANDO |
| HARRIS | JOHN |
| BECENA | JOSE |
| MUNOZ | LOURDES |
| DEMATTEO | JOSEPH |
| JAIME | JUAN |
| STYER | JAMES |

| | |
|---|---|
| ARGUEZ | GREG |
| MILLER | DAVID |
| SOTO | ROBERT |
| GUNTER | CHARLES |
| BAKER | THOMAS |
| MCCURDY | CHARLES |
| STANALAND | KEVIN |
| SEABROOK | JONATHAN |
| WHITE | JAMES |
| JOHNSON | JOHN |
| VENTURA | EDUARDO |
| THURMAN | DAVE |
| ANDERSON | GLORIA |
| HUGHES | JOHN |
| BOYETTE | ROBERT |
| BEARD | BRYAN |
| DE LA CUESTA | RICARDO |
| ODOM | VICTOR |
| RODRIGUEZ | ROBERT |
| CAVALIERI | DAVID |
| TOLLESON | MAJOR |
| ZAGER | GARY |
| CHAPMAN | MARVIN |
| MONTERO | GERARDO |
| GOODSON | CHRISTOPHER |
| COWHEARD | JOANNE |
| MARQUEZ | ZOILA |
| DOBBINS | DIANNE |
| MARTIN | SCOTT |
| REED | WILLIAM |
| YAZBEC | GEORGE |
| IMPARATO | VINCENT |
| FALCON | JORGE |
| ESCARDA | JOSE |
| HENDERSON | DARRIN |
| BEALL | MICHAEL |
| HOYLE | PHILIP |
| HOPPER | MICHAEL |
| BEIDLER | JOHN |
| WHITTINGTON | THOMAS |
| PETERS | STEVEN |
| SILLS | NESBIT |
| HARRIS | RAYMOND |
| BUTLER | HARRELL |

| | |
|---|---|
| JOHNSON | DEAN |
| THOMAS | KENNETH |
| WILKE | KIMBERLY |
| MONDROSCH | JOHN |
| TAYLOR | JEFFREY |
| BROOKS | JEFF |
| LANCASTER | STEPHEN |
| BARNES | RODNEY |
| WHETSTONE | JOYCE |
| ROBINSON | ROBERT |
| SHERMAK | HARRY |
| WOLFE | TODD |
| RHODES | EUGENE |
| BENITEZ | RAUL |
| VIDAL | JUAN |
| MATTHEWS | CARMEN |
| CREWS | DONALD |
| PLATT | KENNETH |
| FARRINGTON | JOHN |
| SOWASH | JACQUELINE |
| FENNELL | BARRY |
| IGLESIAS | RICARDO |
| TOWER | CHARLES |
| VALDES | SERGIO |
| HATFIELD | ERNEST |
| DECHERT | RICHARD |
| DIAZ | THANIA |
| FRESHKO | LAWRENCE |
| LANNON | BOBBY |
| MCCREADY | LAWRENCE |
| RADLER | MICHAEL |
| LAZO | REINALDO |
| MULLINS | VERNON |
| MATTHEWS | TOM |
| LOPEZ | JOSE |
| MCMAHON | FRANCIS |
| QUIGG | STEPHEN |
| GILI | LAWRENCE |
| BLAMER | KIM |
| JOHNSON | STEVEN |
| ROJAS-NAVARRO | SONIA |
| OETH | KEVIN |
| DRESSON | DENNIS |
| HENCK | STEVEN |

| | |
|---|---|
| BLANTON | HUBERT |
| HALL | PETER |
| WYNN | CLIFFORD |
| FILLIO | WILLIAM |
| LAWSON | WILLIAM |
| NICHOLS | KENNETH |
| TOTTEN | THOMAS |
| BUSH | CLARE |
| RYAN | EDWARD |
| MARZIALE | JOHN |
| SEYMOUR | MICHAEL |
| DUNLAVY | TY |
| HILEMAN | CLARK |
| PLEASANT | DAYNA |
| GODFREY | TIMOTHY |
| BROWN | JIM |
| HAVLINA | JOSEPH |
| CLARK | ROBERT |
| LAVON | GEORGE |
| LEVEE | DAVID |
| BALLEE | ROBERT |
| BEEKMAN | TARA |
| SELL | BRIAN |
| CAMPBELL | TERRY |
| PATTERSON | KEVIN |
| MOORE | CLIFTON |
| KRAKER | EMILY |
| DENSMORE | DON |
| WILLIAMS | ROBERT |
| GRUSE | ALAN |
| SMITH | ELROYVIN |
| BRETHOUWER | CHARLES |
| LARSON | MICHEAL |
| ROACH | CHRISTOPHER |
| GARLOCK | MITCHELL |
| REESE | RYAN |
| BUSH | ERIC |
| TAYLOR | PAUL |
| HARP | WILLIAM |
| BRADLEY | JASON |
| MUCCI | RICHARD |
| SUMMERS | PATRICIA |
| REID | DOUGLAS |
| DRURY | KEITH |

| | |
|---|---|
| MYHAND | DAX |
| SUTHERLAND | ANTONIO |
| BLACKBURN | ROBERT |
| MORROW | JAMES |
| RILEY | MATTHEW |
| STOUT | DEBORA |
| TOMPKINS | TAYLOR |
| GILLISPIE | HARVEY |
| BRAUN | MARK |
| STRECK | MATTHEW |
| MAHAFFEY | LARRY |
| SPRATT | GARY |
| BREWER | JAMES |
| CUNDIFF | JOHN |
| CHINN | ROBERT |
| COFFMAN | LOUIS |
| TAYLOR | TIMOTHY |
| FILLEY | RICHARD |
| HUNDLEY | RICHARD |
| GARRETT | RICHARD |
| BOULTON | JON |
| BROWN | MICHAEL |
| ELLIOTT | MICHAEL |
| ROGERS | JIMMY |
| MATTHEWS | MATTHEW |
| BECKER | BENJAMIN |
| ELKINS | DON |
| PEWITT | DAVID |
| MOORE | LONNIE |
| JONES | ALAN |
| HENSLEY | CLYDE |
| HERRING | EUFORD |
| DICKERSON | THOMAS |
| BLANKENSHIP | RICKY |
| KIRBY | GERALD |
| TOWNSEND | SHAWN |
| HEIDERICH | JEREMY |
| RIDGEWAY | ALLEN |
| SUGGS | GARY |
| LOMAX | HOWARD |
| BARNES | ROBERT |
| MORRIS | ERIC |
| ORMAN | JERRY |
| BRANTLEY | CHRISTOPHER |

| | |
|---|---|
| LAMBERTH | BRYANT |
| MCDOWELL | MICHAEL |
| EANES | BOBBY |
| MUNSEY | DEWEY |
| BOWMAN | GRANT |
| CLIFTON | TERRY |
| LEATHERWOOD | LARRY |
| MITCHELL | TED |
| MARTIN | JACKIE |
| WEST | DILLARD |
| BELTON | WILLIAM |
| HALL | DEAN |
| TAYLOR | JERRY |
| SMITH | GIL |
| PATTERSON | BRADLEY |
| YARBROUGH | GLYNN |
| COOPER | JACK |
| VANDERBURG | JERRY |
| CARPENTER | DOUGLAS |
| DAVIS | CHRISTOPHER |
| RAKESTRAW | GREGORY |
| DIGGS | GEORGE |
| TAUNTON | DONALD |
| BUTLER | THOMAS |
| AUSTIN | SHAWN |
| LATHAM | ROBERT |
| COOK | BOBBY |
| MAY | GEORGE |
| QUINN | DANIEL |
| QUICK | RAYMOND |
| ASHLEY | ROBERT |
| MOORE | MICHAEL |
| BRASWELL | ALLEN |
| HARRIS | DALE |
| RUSSELL | JHON |
| DUNHAM | JAMEY |
| HUDSON | CHRISTOPHER |
| MARTIN | CHEYJUAN |
| GOFORTH | DAVID |
| GRIMES | JAMES |
| WOOLSEY | JOHN |
| CRAYTON | KARLOS |
| MOIREN | ARTHUR |
| SULLIVAN | JOHNNY |

| | |
|---|---|
| SHARPE | JAMES |
| O'DELL | JACK |
| SHERMAN | BILLY |
| ROBINSON | RALPH |
| LEWIS | TIMOTHY |
| ROBINSON | KAREN |
| FANCHER | JERRIC |
| CALVERT | PRESTON |
| HINES | CHARLES |
| TRAMMEL | BRENT |
| DAILEY | CHADWICK |
| SIMMONS | KELLY |
| MCDUFFIE | DANNY |
| TUCKER | GILBERT |
| MORGAN | JAMES |
| LEE | TODD |
| HOOD | SUSAN |
| MOORE | AMY |
| KENDRICK | JOHN |
| HALL | MARK |
| JUSTICE | TIMOTHY |
| HENDERSON | KIRK |
| LOFTIS | JAMES |
| MCGHEE | JOHNNY |
| ODELL | DAVID |
| WOODALL | HENRY |
| ABERNATHY | STEPHEN |
| EARLY | KEVIN |
| KIMBROUGH | JAMES |
| GIDDENS | RUSHIN |
| MONTGOMERY | TERRY |
| JAMES | WILLIAM |
| HOLMES | DAVID |
| LAWSON | MCELLIS |
| GALE | CASTER |
| HAMMOCK | MARK |
| POTTS | JASON |
| NORTON | RANDALL |
| GRANTHAM | NELSON |
| LADNER | DOUGLAS |
| BROWN | TORIUM |
| MCHENRY | JEFFERY |
| COLLINS | DAVID |
| KING | BRADLEY |

| | |
|---|---|
| PARENT | WILLIAM |
| CARLISLE | JOSEPH |
| JENKINS | BOBBY |
| HILL | DAN |
| BASHAM | CHRIS |
| JONES | VAUGHN |
| PRIDGEN | DANIEL |
| ARIVETTE | RICKY |
| JACKSON | RUBY |
| VAN NORMAN | CHARLES |
| KEEN | DONALD |
| MACALUSO | LANE |
| MCKINNEY | SIDNEY |
| BAKER | DONNELL |
| CROCHET | RICHARD |
| ST JUNIORS | JAMES |
| RICHE | TIMOTHY |
| HORN | MICHAEL |
| CORDRAY | TRENTON |
| HERRINGTON | BENNY |
| ROBERTSON | JAMIE |
| LONG | GARY |
| GUNTER | RICKEY |
| HELMERS | PAUL |
| BRINLEE | BRUCE |
| COLE | PLAYVILLE |
| BUSHNELL | KENNETH |
| HOLT | WILLIAM |
| WALLS | ROBERT |
| HATFIELD | BRENT |
| STRAIN | JAMES |
| CLARK | CHAD |
| WRIGHT | TERRY |
| ALLEN | MITCHELL |
| CARRIER | JOHN |
| RYDER | JOSEPH |
| DECKER | JAMES |
| SUMNER | TEDDY |
| CLARK | CLINTON |
| MILTON | KEVIN |
| WASCOM | JEROD |
| MAGEE | TWENTIS |
| BRANDON | JOHN |
| GALLEY | AMY |

| | |
|---|---|
| BLOUIN | DANIEL |
| KERNER | WILLIE |
| HICKS | GILBERT |
| GIARRUSSO | RONALD |
| HARRIS | SHARON |
| BOUDREAUX | RODNEY |
| BURGE | ERIN |
| RABB | JAMES |
| QUIN | KELLY |
| MILLS | STEVEN |
| CARTER | PATRICIA |
| RODRIGUEZ | SCOTT |
| BAILEY | ROBERT |
| JONES | BRENT |
| LAFOSSE | JUSTYN |
| MCCRORY | RICHARD |
| STEVENS-FREEMAN | KIMBERLY |
| STEWART | KIRBY |
| WITHERELL | DARYLE |
| GARVAN | MICHAEL |
| MCCRAY | DARRYL |
| BARBIER | MICHAEL |
| WELCH | LISA |
| ELLIS | EDWARD |
| HAMILTON | NANCY |
| ROBERTS | HERMAN |
| BRACEY | CHRISTOPHER |
| WAKEFIELD | LUTHER |
| BISCOE | JASON |
| KELLER | JOHN |
| O'SHEA | KEVIN |
| ALSAGER | JOHN |
| MEJERIS | PETER |
| HUCK | COLIN |
| RANDOLPH | DANIEL |
| SIMONSON | JONATHON |
| DAVIS | ANTHONY |
| STONG | ERIC |
| HENDERSON | D. SCOTT |
| JOLLY | ALLAN |
| MILLER | RODNEY |
| MINNICK | DANIEL |
| MEYER | EARL |
| BARRES | AGUSTIN |

| | |
|---|---|
| ALVAREZ | ANTHONY |
| NEAL | KEVIN |
| WALKER | SANDRA |
| DEVEREAUX | ROBERT |
| WILLIAMS | MICHAEL |
| KEEN | CLINTON |
| SWINDLE | TOM |
| GIBBES | JOHN |
| TALLEY | MAXINE |
| CORDOBES | JUAN |
| HARRIOTT | BRYAN |
| HULSEY | ROBERT |
| ALFONSO | OSMANI |
| KAUFMANN | ROBERT |
| NUNEZ | NICHOLAS |
| WHICHARD | ROBERT |
| PENA | MANUEL |
| CAMPBELL | ARCHIE |
| MUNIZ | ALAIN |
| PATRICK | MATT |
| WHITSETT | SCOTT |
| HYDES | ERIC |
| WOODS | MICHAEL |
| NIGLIO | MICHAEL |
| PEREZ | ISIDORO |
| FERNANDEZ | RAUL |
| SMITH | ADAM |
| MOSSBROOKS | WAYNE |
| SWARTZ | JASON |
| GREENE | RONALD |
| MARQUEZ | MARIO |
| JIMENEZ | PEDRO |
| PRICE | PHILIP |
| BELL | CHARLES |
| RYAN | HAROLD |
| THORPE | PERRY |
| SMITH | MARY |
| BAISDEN | RICHARD |
| GORRIE | JOHN |
| WILLIAMS | JOHNNY |
| MEGOWAN | BRIAN |
| PIMENTEL | ALEJANDRO |
| KNAUER | JAMES |
| WATERMAN | ROBERT |

| | |
|---|---|
| SANTANA | LUIS |
| CLARKE | MICHAEL |
| DUGAN | MICHAEL |
| DUGAN | ADAM |
| GARCIA | RICHARD |
| PHILLIPS | JASON |
| RAYBON | NOAH |
| WENTWORTH | SHAWN |
| MORRIS | MICHAEL |
| THISIUS | DAVID |